The opinion of the Court was delivered by
Johnson, J.
The question propounded assumes two positions. 1. That this was an executed contract. 2. That it is not affected by any statutory laws.
To support the first of these positions, it will only be necessary to remark, that an executed contract consists in the performance of everything necessary to be done, according to the terms of the contract by the party contracting, so as fully to invest the party contracted with, with dominion over the thing parted with. 1 Powell on Cont. 234. The bill of sale which furnishes the only evidence of the contract, does not provide for any subsequent act to be done by Fitzpatrick, and Miss Gril-lespie’s possession of the negroes under it, gave her complete dominion over the negroes mentioned in it. It follows, therefore, that this was an executed contract.
It is-admitted that the negroes mentioned in the bill of sale were not equal in value to the one fourth part of the real and personal estate of Fitzpatrick, at the time of the execution of the bill of sale, so that the contract is not affected by the Act of Assembly of 1795, usually called the Bastardy Act,[1] 1 Brev. Dig. 68, which declares all deeds of gift, eon-.veyances, legacies, and devises, made in favor of an illegitimate child, or a woman with whom one lives in adultery, void, so far as it exceeds the one fourth part of his real and personal estate, such person having a wife or children living at the time. The question is therefore to be determined on the principles of the common law.
*724 *On Par^ Plaintiff, it is conceded, that an executory contract founded on the consideration to which the question made supposes, I mean, in consideration of future cohabitation and prostitution, is void, as being contra bonos mores, and would impose no legal obligation on the parties. 1 Powell on Cont. 183. The right of the plaintiffs to recover, therefore, depends upon the distinction between the legal effects of an executory and an executed contract, if there be any.
That there is a distinction is, I think, manifest. Mr. Powell, in his Essay on Contract, 1 vol. 200, observes, “ That although contracts or agreements respecting things which the law prohibits to be the subject contracts, create no right, and consequently no obligation on either.side, yet the law suffers them, in some instances, nevertheless, after they have been carried into execution, to prevail contrary to its prohibition; for being executed, they are valid between the parties, although the law will not give its aid to assist either party in carrying them into execution ; for the parties are looked upon to treat together as if there were no law about the matter, and so to renounce the benefits which might accrue by the law to either of them ; and, therefore, though they do ill to engage themselves, they ought in conscience to suffer their engagements, being executed, to continue in force, and neither of them ought to break without the assent of the other. 2 Comyn on Contracts, 109. The only exceptions to this rule which are noticed by Powell, are those which arise out of positive enactments by statute, when the remedy is expressly given, or when it is necessary to enforce the general provisions of the statute. These statutes are classed : 1. Into such as are founded on general reasons of public policy; and, 2. On such as are intended to protect weak and necessitous persons from being overreached, defrauded, or oppressed. To the first of these classes of prohibited contracts, the common law rule, that when the parties are in pari delicto, melior est tecA-\ conditio possidentis *applies, and it is only in cases arising 8 J under the 2d class of contracts prohibited by statute, that a remedy is given. Powell, 202-3-4.
I have been induced to notice the doctrine arising out of the construction of prohibitory statutes, under the impression that all the difficulty which exists has arisen out of confounding these decisions with questions arising at common law, for after a careful research, I have not been able to find a single exception in cases arising on common law principles, to the general rule, that when the parties are in pari delicto, melior est conditio possidentis. And no possible case has presented itself to my mind, which would constitute an exception. The Act of Assembly, usually called the Bastardy Act, before referred to, as a legislative interpretation of the common law, furnishes a strong argument that this case at least was not an exception to the rule. That Act restrains the party from bestowing more than one-fourth of the value of his real and personal estate on a bastard child, or a mistress, if the donors have a wife or children. Now if such a disposition had been wholly void at common law, the prohibition in this statute was idle and nugatory, and the statute, instead of imposing restraints, should have legalized such a disposition of the one-fourth part of his estate to such purposes.
The application of this rule to the present case is easy. Eitzpatrick, at least, was in pari delicto. In the absence of proof, the presumption *725 is, that he pursued and seduced Miss Gillespie, and the facts reported abundantly prove it. I think, therefore, that the plaintiffs’ motion for a new trial ought to prevail.
Gregg, for the motion. Blanding, contra.
Gantt and Richardson, JJ., concurred.
Colcock, J., dissented.
See 1 N. & M’C. 177. Singleton v. Bremar, Harp. 201.