# Clark *v.* Colbert *et al.*

### *Statutory Real Action.*

1. *Executory contract founded on illegal consideration; not to be enforced.*—No executory contract founded on an illegal consideration can be enforced by suit, nor can any one recover, who, to establish his claim, must trace his right through such a transaction. *Ex turpi causa oritur non actio.*

2. *Executed contract based on composition of felony; law will not interfere between parties to.*—When a contract, the consideration of which is the composition of a felony, is an executed one, the law leaves all who share in such illegal transaction where it finds them, and will not interfere to rescind the contract, and recover the consideration. *In pari delicto potior est conditio defendentis.*

APPEAL from Barbour Circuit Court.
Tried before Hon. H. D. CLAYTON.

[Clark v. Colbert et al.]

This was a statutory real action, brought October 14, 1878, by Nancy P. Colbert and Mary C. Allen, against Warren J. Clark. The plaintiffs claimed as the heirs at law of Avery Nolen, who died intestate in 1875. The substance of the evidence is set out in the opinion of the court. On this evidence the court below charged the jury, "that if they were satisfied from the evidence that the consideration of the deed offered in evidence by the defendant, W. J. Clark, was an agreement made or entered into between him and plaintiffs, by which he promised or stipulated to stop, compromise, or settle the prosecution, pending at the time of making said deed, against Elijah Nolen and John Allen and Avery Nolen, that said deed was void, and they must find for the plaintiffs." To this charge the defendant excepted.

The defendant requested several written charges, the substance of which was, that if the consideration of the deed was a compromise of the case against John Allen and Avery and Elijah Nolen, and that the makers of the deed procured Clark to enter into an agreement to that effect, and that they also entered into it, and if defendant took possession of the land under the deed, plaintiff could not recover. The court refused to give these charges, and defendant excepted. There was a verdict and judgment for the plaintiffs, and the errors assigned are the giving and the refusal of the charges.

D. M. SEALS, for appellant.—The deed made by appellants prevented a recovery by them, at law, for there it could only be vacated for fraud in its execution.—*Swift v. Fitzhugh,* 9 Port. 39 ; *Mordecai et al v. Tankersly,* 1 Ala. 100 ; *Morris v. Harvey,* 4 Ala. 300 ; *Drake v. Thompson,* 32 Ala. 99. The deed is valid between the parties, for the law leaves them as it finds them.—*Black v. Manning,* 1 Ala. 449 ; 2 Brick. Dig. 16, 45 ; *McGuire v. Miller,* 15 Ala. 394. The language of the judge in *Trammell & McCarty v. Gordon,* 11 Ala. 565, that " the land could be recovered back," is mere *dictum.*

S. H. DENT, for appellees.—The deed was clearly fraudulent and void, and the appellees, plaintiffs below, can take advantage of its illegality.—*Foreman v. Hardwick,* 10 Ala. 316 ; *Trammell & McCarty v. Gordon,* 11 Ala. 565. In the case last cited this court said, " a deed to land for an illegal consideration is void, and the land can be recovered back by the appropriate action "—*Ridgeway v. Underwood,* 4 Wash. C. C. 129. Appellees did not ask the court to enforce an illegal contract ; and the only effect of the illegality of the deed, was to strike down Clark's title to the land. Unless the ap-

pellees can recover in this action they are without remedy, and Clark will retain the fruits of the illegal transaction.·

STONE, J.—The facts of this case are very simple. There seems to have been but one disputed· question of fact, and the jury resolved that in favor of the appellees. John Allen, husband of Mary Allen, and Elijah Nolen, brother of the two plaintiffs, were under indictment in the City Court of Eufaula for arson in the second degree—the indictment found in 1874. Clark, the appellant, had suffered by the burning, and although not marked on the indictment as prosecutor, had employed counsel to aid in the prosecution. In June, 1875, the said Elijah Nolen and his two sisters, plaintiffs in this action, together with the husbands of the two sisters, being tenants in common of the lands in controversy, conveyed the same by deed of bargain and sale to Clark, on a recited consideration of four hundred dollars in hand paid ; and Clark took possession, and remained in possession, under claim of right. More than three years afterwards this statutory real action was brought to recover the lands from him. There was proof tending to show, and the jury so found, that the real consideration of the deed was a composition of said prosecution for arson ; and that in consideration of the execution of the deed, the prosecution was abandoned, and the indictment *nol-prossed*. On these facts the Circuit Court charged the jury that the deed was void, and plaintiffs could recover. Elijah Nolen had died before this suit was brought, leaving his two sisters his heirs at law.

There can be no question that the composition of the felony, and the dismissal of the prosecution for a valuable consideration, was a highly penal offense, and that all who aided and abetted in its perpetration were participants in the guilt. Any executory contract, or promise based on such consideration, is illegal, and no suit can be maintained for its enforcement. *Ex turpi causa, non oritur actio*. No one can recover, who, to establish his claim, must trace his right through such illegal transaction. This is common knowledge. Courts can give no sanction to such flagrant violations of the law. Addison on Contr. section 258 ; 1 Brick. Dig. 381 ; *Collins v. Blantern*, 1 Smith Lead. Ca. [161] and English notes ; Benjamin on Sales, §§ 503–4. The present case arises, however, not on an executory, but on an executed contract. The plaintiffs seek to regain property which they conveyed away by deed, on the ground that the consideration was illegal— a violation of positive law.—*Walker v. Gregory*, 36 Ala. 179, was a suit to recover slaves which had been conveyed to the plaintiff on an immoral consideration. To establish her

[Clark v. Colbert et al.]

cause of action, she was forced to rely on the contract, which was founded on such illegal consideration. This court held she could not recover. It was added, that if she had been in possession of the slaves, and the administrator had sought to recover them from her by suit possibly she might have protected herself under the maxim, *potior est conditio possidentis.* *Denton v. English,* 2 Nott & McC. 581, holds that an executed contract, founded on an immoral consideration, is binding on the parties. In *Gray v. Roberts,* 2 A. K. Mar. 208, the court said : " If both parties are equally guilty of a breach of the law, a court of justice cannot interpose its aid in behalf of either, for it is a settled rule, that *in pari delicto, potior est conditio defendentis.*"—*S. C.* 12 Amer. Dec. 383. In *Waile v. Merrill,* 16 Amer. Dec. 238—(4 Greenl. 102)—it was held that money paid on an illegal contract, voluntarily, knowingly, cannot be recovered back. The case of *Inhabitants of Warrenton v. Eaton.* 11 Mass. 368, is not distinguishable from this. The court, Parker, C. J., said : " If, then, the composition of a felony, or of a larceny, is an illegal consideration of any promise or obligation for money, the party claiming under such instrument cannot enforce it in a court of justice ; nor, can the other party, if he has paid it, recover it back again. There must then be a distinction between a conveyance of land, and money paid on such consideration, or Betsy Flagg [the grantor] could not, on this ground, avoid her deed by entry or action, so as to convey any title to the demandants. Such a distinction was attempted in the argument, but we find no foundation for it. A deed of bargain and sale, signed, sealed, delivered, acknowledged and recorded, is an actual transfer of the land to the grantee ; as much as the delivery over of a sum of money, or of a personal chattel, is a transfer of those." In *Myers v. Meinrath,* 101 Mass. 367, it was said, " The policy of the law is to leave the parties in all such cases without remedy against each other." In 1 Story Eq. Ju. § 298, is the following language. " In general, (for it is not universally true,) where parties are concerned in illegal agreements, or other transactions, whether they are *mala prohibita* or *mala in se,* courts of equity, following the rule of law as to participation in a common crime, will not at present interpose to grant any relief ; acting upon the known maxim, " *In pari delicto, potior est conditio defendentis et possidentis.*" Pursuing this subject in the note, it is said : " I say *at present,* for there has been considerable fluctuation of opinion, both in courts of law and equity on this subject. The old cases often gave relief, both at law and equity, where the party would otherwise derive an advantage from his iniquity. But the modern

[Thweat, Adm'r, v. Stamps.]

doctrine has adopted a more severely just, and probably politic and moral rule, which is, to leave the parties where it finds them, giving no relief and no countenance to claims of this sort." In the leading case of *Collins v. Blantern*, published in 1 Smith Lead. Ca. [153], is this strong language : " This is a contract to tempt a man to transgress the law, to do *that* which is injurious to the community : it is void by the common law ; and the reason why the common law says such contracts are void, is for the public good. *You shall not stipulate for iniquity.* All writers upon our law agree in this ; no polluted hand shall touch the pure fountains of justice. Whoever is a party to an unlawful contract, if he hath once paid the money stipulated to be paid, in pursuance thereof, he shall not have the help of a court to fetch it back again. You shall not have a right of action, when you come into a court of justice in this unclean manner, to recover it back. *Procul, O! procul, este profani.*" And the American annotators, after reviewing American decisions bearing on the question, employ this language : " It is proper to say, in taking leave of this brief notice of an important and difficult subject, that the law will leave all who share in the guilt of an illegal or immoral transaction where it finds them, and will neither lend its aid to enforce the contract while executory, nor to rescind it and recover back the consideration when executed." We adopt this language as our own, and hold that under the facts shown in this record, plaintiffs can not recover.—*Black v. Oliver*, 1 Ala. 449.

Reversed and remanded.