(78 South. 51)

BERRY v. DUNN et al. (5 Div. 673.)

(Supreme Court of Alabama. Feb. 14, 1918.)

1. CONTRACTS ⬅128(3) — LEGALITY OF OBJECT—COMPOUNDING FELONY.

Since seduction is made a felony by Code 1907, § 7776, a contract by which the prosecutrix and her family, for a consideration of $1,050, agreed to forego prosecution, was illegal and nonenforceable.

2. CONTRACTS ⬅138(2)—LEGALITY OF OBJECT—COMPOUNDING FELONY.

Where plaintiff's son seduced defendant, who, with her family, agreed to forego prosecution if plaintiff would indorse notes to defendant, and the indorsement was executed so far as transfer of title was concerned, the contract being illegal, plaintiff could not have cancellation of the indorsement and retransfer of title, especially as her further and executory liability as indorser was subject to the complete defense of illegality, and payment by the maker of the notes would have extinguished such liability in any event.

3. CONTRACTS ⬅138(3) — LEGALITY OF OBJECT—COMPOUNDING FELONY—DURESS.

Bill alleging that plaintiff's son seduced defendant, who, with her family, agreed to forego prosecution if plaintiff would indorse notes to defendant, did not make a case of duress, so as to entitle plaintiff to cancellation of the indorsement and retransfer of title.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Bill for injunction by Mrs. H. C. Berry against J. J. Dunn and others. From the decree, complainant appeals. Affirmed.

The bill alleges that complainant owned three negotiable promissory notes executed by W. B. Thompson to complainant, which notes complainant transferred to Luna May Bishop, and that said Luna May Bishop is endeavoring to collect them from said Thompson, and the prayer is that said Thompson be enjoined from paying notes to her, and to require said Luna May Bishop to deliver them up to complainant, to cancel complainant's indorsement, and transfer to respondent, with a decree in favor of complainant against Thompson for the amounts due on the notes. The circumstances under which respondent Bish-

op acquired the note from complainant are shown by the following contract which is made an exhibit to the bill of complaint, and marked Exhibit A. The bill alleges that the consideration named in said instrument was paid as follows, to wit: $300 in cash, and the balance of the consideration therein named by the transfer and delivery to defendant of those three certain notes hereinabove described. The instrument referred to is as follows:

Know all men by these presents that whereas there is now pending in the courts of the state of Alabama a prosecution against Hoke Berry for the seduction of Luna May Bishop; and whereas the prosecutor as well as the defendant being desirous of adjusting and settling the matter between the parties interested, deciding this course to be to the best interest of all the parties concerned and to society as a whole: Now, therefore, to this end this agreement by and between the said Luna May Bishop, Mrs. Maud Dunn and J. J. Dunn, the father and mother of Luna May Bishop, for and in consideration of $1,000, and the further sum of $50 as attorney's fee, in hand paid to the said Luna May Bishop or to her counsel or agent for her, that they the said Luna May Bishop and her father and mother, they and each of them, will forego any and all prosecutions that have been commenced against said Hoke Berry, and they and each of them do hereby covenant and agree with said Hoke Berry and Mrs. H. C. Berry that they will not hereafter appear or prosecute the said Hoke for the seduction of Luna May Bishop, or prosecute him for bastardy or any other kindred offense that they might be able to institute by reason of the relations heretofore existing between the said Hoke Berry and Luna May Bishop, but that this is and shall be on the payment of said sum of money to the said Luna May Bishop or to any one of them for her use by the said Hoke Berry or Mrs. H. C. Berry or any other party for his benefit a final and complete settlement of the matter in law, and in personal feelings as far as possible within the conscience of the parties interested. [Signed] J. J. Dunn. Maud Dunn. L. M. Bishop. And witnessed by R. L. Gay, who acknowledged the same before a notary.

Thomas J. Judge, of Birmingham, for appellant. Bulger & Rylance, of Dadeville, and R. J. Hooten, of Roanoke, for appellees.

SOMERVILLE, J. [1] The crime of seduction being a felony under our statute (Crim. Code, § 7776), "there can be no question that the composition of the felony * * * was a highly penal offense, and that all who aided and abetted in its perpetration were participants in the guilt. Any executory contract or promise based on such consideration is illegal, and no suit can be maintained for its enforcement." Clark v. Colbert, 67 Ala. 92. In that case Judge Stone thus expresses the conclusion of the court:

"The law will leave all who share in the guilt of an illegal or immoral transaction where it finds them, and will neither lend its aid to enforce the contract while executory, nor to rescind it and recover back the consideration when executed."

[2] Complainant's counsel concede that this is the law, but the insistence is that, properly applied, it forbids the respondent Bishop's action on the notes, but not complainant's suit in equity for restitution of the notes indorsed to Bishop. This theory, of course, assumes that the indorsement in question was nothing but an executory contract, against which equity will grant relief so long as it remains unexecuted.

Conceding, as claimed by appellant, that the bill shows a transfer of these notes by indorsement, since they could have been transferred in no other way, it becomes necessary to analyze the indorsement contract and observe its operation and effect.

Obviously in every indorsement completed by delivery there are two primary elements: (1) A transfer of the title to and property in the instrument; and (2) a new contract by which the indorser undertakes, conditioned on due diligence on the part of the holder, that it shall be accepted and paid according to its tenor.

So far as the transfer of the property is concerned, the contract is fully and irrevocably executed by the delivery of the instrument. It cannot be distinguished from the delivery of money or any other chattel, or a deed conveying land.

As to the indorser's new conditional undertaking, it is, of course, strictly executory until his liability is established and payment made by him to the holder of the instrument accordingly. So in this case complainant's obligation as indorser is purely executory, and, of course, not enforceable against her by her indorsee, the respondent Bishop.

But it does not appear that any effort has been or will be made to enforce complainant's liability as such indorser. On the contrary, the action on the notes is only against the maker, Thompson, and payment thereof by Thompson would completely relieve complainant of her conditional liability as indorser, a result which the bill in fact seeks to prevent. Against that liability, if ever asserted, her remedy at law is adequate for all the requirements of the case.

The real purpose of the bill is the recovery of the notes and the reinstatement of complainant in their ownership. To this end she invokes the aid of a court of equity for the rescission of an executed agreement, and the recovery of the consideration which passed thereunder. To do this she must set up and rely upon the illegal contract itself. The authorities all forbid the granting of such relief in cases like this, and we are constrained to hold that the demurrer to the bill was well taken and was properly sustained.

[3] The bill does not make a case of duress, and there is nothing to show that the parties were not in pari delicto. It is to be observed also that, with respect to the preservation and recovery of gaming considerations, those cases rest upon statutes and decisions which render them sui generis, and without analogy in this particular to other classes of illegal contracts. See Fenno v.

Sayre, 3 Ala. 458, 473; Barker v. Callihan, 5 Ala. 708; Roberts v. Taylor, 7 Port. 251; Foreman v. Hardwick, 10 Ala. 316, 325.

It results that the decree of the circuit court must be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.