## DONOHOO vs. THE STATE.

[INDICTMENT FOR BURGLARY IN STORE-HOUSE.]

1. *What constitutes burglary.*—Getting into the chimney of a house, with intent to steal, is a sufficient breaking and entering to constitute burglary, although the party does not enter any of the rooms of the house.
2. *Abstract charge.*—An abstract charge is properly refused.

FROM the Circuit Court of Russell.
Tried before the Hon. ROBERT DOUGHERTY.

THE indictment in this case charged the prisoner, Enoch Donohoo, with breaking and entering the store-house of Messrs. Tucker & Collins, in the town of Opelika, with intent to steal. The bill of exceptions is in the following words :

"The State introduced a witness who testified, that Tucker & Collins were the owners of a store-house in Opelika, in said county, in which articles for sale and deposit were kept; that said building was hip-roofed, and one story high; that some five or six weeks before the sitting of the present term of the circuit court,

19

Donohoo v. The State.

between the hours of nine and eleven o'clock at night, a noise was heard in the chimney of said store-house, and, on examination, the defendant was found in the chimney, so tight and fast that he could not be pulled out, either at the top of the chimney, or at the fire-place below, and the chimney had to be pulled down to extricate him; that he had descended so low that his feet were about two feet above the arch of the fire-place; that it was impossible for him to have descended any lower down the chimney, the aperture being too small; that the funnel of said chimney was on the outside of the house, but the lower part of the chimney was partly in the house, the jambs coming some nine or ten inches inside of the walls; that the defendant was found in said lower part of the chimney; that he seemed much excited and enraged, when extricated, and said, 'that he had tried to break open the front door, but failed,—that he cut a hole in the roof, and tried to get in that way, and that he wanted to get in to get some whiskey and potatoes.' It was proved, also, that an effort had been made, on the same night, to break open the front door of said house with a crowbar, and that a hole had been made in the roof, and some of the lathing and plastering knocked off.

"The court charged the jury, that though they might believe the defendant tried to open the door with a crowbar, and tried to get in through the roof, and all the proof on that subject, they could not find the defendant guilty—they could only look to that to ascertain what his intention was; but, if they believed that he afterwards entered the chimney, with the intention to steal, and went so far as within two or three feet of the arch of the chimney, then, although the aperture was too small for him to have passed down to the hearth, yet it was such an entry as would make him guilty of the offense charged. To this charge the defendant objected, and then requested the following written charges: '1. That the facts, as shown by that portion of the evidence relating to the defendant being in the chimney, do not constitute burglary.' '2. That if the jury believe from the evidence that the defendant had at no time gained admission into the

Donohoo v. The State.

store-house sufficiently to enable him to make an attempt to steal, they must find him not guilty, although he may have become so jammed in the chimney that he could not move in an attempt to get down, and though with an intent afterwards to steal.'—'3. That if the jury believe from the evidence that the defendant did not make such an entry as would enable him to steal, they must find him not guilty.'—'4. That if the evidence shows that the chimney was so constructed as to prevent a man from entering the house through the same, and did actually prevent him, then the entering such chimney at the top was no burglary.'—'5. That the accused must descend the chimney, and into the house. or in such a manner as to command the house, to make the offense of burglary complete.'—'6. That it is no burglary to enter a chimney, built entirely on the outside. of a house, when the house, or a room thereof, cannot be thereby entered.'—'7. That if the jury believe from the evidence that the defendant entered the chimney, but not in such a manner as would enable him to steal, or to commit a felony, they must find him not guilty.'—'8. That the entry of an instrument used only in making a breach into a house, is not such an entry as will constitute burglary.'—9. That the entry through the roof, with the feet, is not a sufficient entry to constitute burglary, when the foot is only used to make a breach.'—'10. That if they believe the evidence, they must acquit the prisoner.'—'11. That if they believe from the evidence that the defendant got on top of the store-house, and first attempted to enter through the roof, and got his hand or foot, or some weapon or instrument, through the roof, and thereby made a hole therein, merely for the purpose of gaining admission into the store-room, to the floor thereof, with the intent to steal after he got down ; and, finding that he could not gain admission in that mode, he thereupon jumped or let himself down at the top of a chimney, appurtenant to, but outside of the store-room, with the purpose of gaining admission to the store-room by that mode, but found it impossible, by reason of the construction and narrowness of the funnel of the chimney, to gain admission in that

mode, and got stuck so fast that he could not get through, nor be got through to the hearth by others, but that the chimney had to be taken down by others to get him out on the outside; and further, that before getting into the chimney, he had prized at the door with a pick-axe, or some other weapon, and almost (but not quite) broken through the door,—that all these facts do not constitute burglary; and that if they believe the above are, in substance, all the facts proved, they must find the defendant not guilty.' The court refused each one of these charges, and the defendant excepted to the refusal of each."

GEO. D. HOOPER, for the prisoner, contended, that the court erred in each of the rulings to which an exception was reserved, and particularly in the refusal of the 2d, 6th, and 8th charges asked; and cited the following authorities: McCall v. The State, 4 Ala. 643; Rex v. Roberts, East's P. C. 437; Rex v. Hughes, *ib*. 491; Rex v. Rust & Ford, Russ. & M. 184; Chitty's Cr. Law, 1108; Wharton's Cr. Law, 516.

M. A. BALDWIN, Attorney-General, *contra*, cited 1 Bishop's Crim. Law, § 190; 1 Hawk. P. C. ch. 17, § 6, note 2; 1 Hale's P. C. 552, note 7; Commonwealth v. Stephenson, 8 Pick. 354; Rex v. Brice, Russ. & Ry. 450; Rex v. Bailey, *ib*. 341; Rex v. Davis, *ib*. 499.

R. W. WALKER, J.—There is no error in the record. A chimney is a necessary opening, and needs protection. It is a part of the dwelling-house, and as much closed as the nature of things will admit. Hence, getting into the chimney of a house, with intent to steal, is a sufficient breaking and entering to constitute burglary, though the party does not enter any of the rooms of the house. 1 Hawk. P. C book 1, ch. 17, § 6, and note; 1 Hale's P. C. 552, ·       Rex v. Brice, Russ. & Ry. 450; Rex v. Spriggs.      & Rob. 357; 1 Bishop's Cr. L. § 190; 1 Russell           , 788; Wharton's Cr. Law, § 1550; 1 Bennett & ·       Leading Cr. Cases, 531.

[2.] The 9th and 9th charges asked were abstract.

There was no evidence, showing that the defendant made an entry with an instrument used only in making a breach into the house, or that he entered through the roof with his feet, using them only to make a breach. It is very obvious that the conviction was sought and obtained upon the breaking and entering effected by going down the chimney.

Judgment affirmed.

