COMMONWEALTH *vs.* HENRY STRUPNEY.

Effecting entrance into a building through a window, by lifting the sash, which lacks from
a quarter of an inch to an inch of being closed, is not such a breaking and entering as
constitutes burglary.

INDICTMENT for breaking and entering the dwelling-house of
John A. Lowell in the night time, with intent to steal, and steal-
ing therefrom a silver plated pitcher of the value of six dollars.
Trial in the superior court in Suffolk, before *Putnam*, J., who
allowed the following bill of exceptions :

" The evidence of the government tended to show that the
alleged breaking and entering was effected by raising the lower
sash of a window, and that the pitcher was taken from the
dining-room, out of said window.

" A domestic of Lowell testified that in the evening of the day
on which the pitcher was taken she was at work in the kitchen,
and heard a noise in the dining-room (which was connected with
the kitchen by a door, then open) like the raising of a window;
that she went immediately into the dining-room, and found the
lower sash of the window fully raised up ; that this window had
been unfastened during the day, but not open ; and that the pitcher
taken was in this room. On cross-examination, she stated that

she would not swear positively that the window might not have been raised at the time of the entry, and before the entry, from a quarter of an inch to an inch; but that it could not have been more.

"The defendant's counsel asked the 'judge to rule, upon this evidence, that if, at the time of the alleged breaking and entering, the lower sash of the window was not closed, but was partially open, and was so found by the defendant, so that the alleged entering was therefore effected merely by the further raising and opening of this sash, and with no actual breaking, such further opening constituted no breaking.

"The judge declined so to rule; but did rule, that, if the jury believed that the window was not entirely shut down, but might have been open to the extent to which the domestic testified that it might have been, but not sufficiently so for the defendant to be able to introduce any part of his person, so as to take the property, and the defendant, with felonious intent, opened the sash to the extent to which it was found open, for the purpose of introducing some part of his body to take the property, and did so introduce it, and take it, then there was a breaking and entering by the defendant." The jury returned a verdict of guilty, and the defendant alleged exceptions.

*J. E. Bates*, for the defendant.

*J. C. Davis*, Assistant Attorney General, (*C. Allen*, Attorney General, with him,) for the Commonwealth. The case of *Rex* v. *Smith*, 1 Moody, 178, in which the decision was adverse to the ruling in the present case, was decided when housebreaking was a capital felony, and the distinction then made *in favorem vitæ* need not now be maintained. See *Commonwealth* v. *Bugbee*, 4 Gray, 206, 208. Opening a window which is closed, but unfastened, is a breaking; and this was so held when burglary was punishable with death. *Rex* v. *Hyams*, 7 C. & P. 441. *Rex* v. *Haines*, Russ. & Ry. 451. And it is a breaking to enter by the chimney; *Rex* v. *Brice*, Russ. & Ry. 450; 1 Hale P. C. 552; or to lift a trap-door which is unfastened; *Brown's case*, 2 East P. C. 487; *S. C.* 2 Leach (4th ed.) 1016 note; *Rex* v. *Russell*, 1 Moody, 377; or to cut a net-work of twine from an open window; *Commonwealth* v. *Stephenson*, 8 Pick. 354.

AMES, J.   An entrance into a dwelling-house, through a window or door that was left partly open, is not the forcible breaking and entering necessary to constitute the crime of burglary.   It should appear "that the house was secured in the ordinary way, so that by the carelessness of the owner, in leaving the door or window open, the party accused of burglary be not tempted to enter."   *Commonwealth* v. *Stephenson*, 8 Pick. 354.   In *Commonwealth* v. *Steward*, 7 Dane Ab. 136, it was held in 1789, that "if a window be a little pushed up" it is not a breaking to obtain entrance by lifting it higher.   See also *Commonwealth* v. *Hays*, Ib.   The English authorities are to the same effect.   Thus in *Rex* v. *Hyams*, 7 C. & P. 441, it was held not to be a breaking, where the prisoner threw up a sash which had been raised a couple of inches, and so effected an entrance.   And in 1827 it was held by the twelve judges of England, in *Rex* v. *Smith*, 1 Moody, 178, that there was no decision under which, in case of a sash partly open but not sufficiently open to admit a person, the raising of it so as to admit a person could be considered a breaking; and that in this respect the court ought not to go beyond decided cases.

The instructions of the presiding judge at the trial were not in conformity to this rule, and were therefore incorrect.

*Exceptions sustained.*