## Pines *et al. v.* The State.

### *Indictment for Burglary.*

1. *Sufficiency of indictment.* — An indictment for burglary (Rev. Code, § 3695, Form No. 35, p. 811), which charges that the defendant "broke into the storehouse of M. D." &c., "with the intent to steal," is fatally defective, because it does not aver an entrance.

2. *Burglary; what constitutes.* — Entering a house through an open window, is not a sufficient breaking to constitute burglary.

· FROM the Circuit Court of Henry.

Tried before the Hon. J. McCALEB WILEY.

The indictment in this case charged, that the defendants, Jerry Pines and Offy Sutton, "broke into the storehouse of M. D. Hart, in which goods, merchandise, or other valuable thing, is kept for sale or deposit, with the intent to steal; against the peace," &c. There was no objection to the indictment, and the trial was had on issue joined on the plea of not guilty. The evidence adduced on the trial, as appears from the bill of exceptions, showed that the entrance into the store was effected through a window; but it was not shown whether the window was opened by the defendants, or was found open by them. The court charged the jury, "that going into an open window of a storehouse, where goods are kept for sale, with the intent to steal, is burglary;" to which charge the defendants excepted. This charge, and the judgment of the court, are now assigned as error.

[Perkins v. State.]

JAS. G. COWAN and JAS. W. OATES, for the prisoners.

BEN. GARDNER, Attorney General, for the State.

B. F. SAFFOLD, J.— The indictment is fatally defective, in not charging the entering. Rev. Code, p. 811, Form No. 35.

2. The charge of the court is erroneous. Russell says : " If a man enter into a house through a door or window which he finds open, or through a hole which was made there before, and steals goods, or draws goods out of a house through such door, window, or hole, he will not be guilty of burglary." Russ. Crimes, vol. 1, p. 786. Blackstone says : " If a person leaves his doors or windows open, it is his own folly and negligence ; and if a man enters therein, it is no burglary."

The judgment is reversed, and the cause remanded.