# Walker v. The State.

## Indictment for Burglary.

*Burglary; what constitutes.* — Going down a chimney into a house, used for storing cotton, with the intent to steal, and getting out through a window by breaking the inside fastening, is a sufficient "breaking into and entering" to constitute burglary as defined by section 3695 of the Revised Code.

APPEAL from Circuit Court of Wilcox.
Tried before Hon. JOHN K. HENRY.
The opinion states the case.

HOWARD &. HOWARD, for appellant. — To constitute the statutory burglary, Rev. Code, § 3695, there must first be a breaking *before* entering — a "breaking" *into* and then an entry. 1 Hale's P. C. 554; 1 Bish. Crim. Law, §§ 250–1. The statute (12 Anne) making *breaking out* of a house burglary is not law here. 19 Ala. 814. None of the cases hold that a person can be convicted of burglary for entering an opening, which is not a *necessary* opening. A chimney is a necessary opening to a dwelling, but not to a cotton-house; hence *Donohoo* v. *State*, does not apply.

JOHN W. A. SANFORD, Attorney General, *contra.* — The present case cannot be distinguished from that of *Donohoo* v. *The State*, 36 Ala. 281.

JUDGE, J. — The indictment in this case was for burglary, and charged the defendant with breaking into and entering the cotton-house of Archie Nicholson. The evidence tended to show that the defendant entered the house by going down the chimney, and that after thus entering, he got out of the

[Ex parte Birchfield.]

house through a window, by breaking the fastening of the window from the inside of the house.

It is ingeniously contended by counsel for the defendant, that to constitute the crime of burglary, under section 3695 of the Revised Code, there should be a *breaking into and entering* one of the houses described in said section; and that as the evidence in this case showed, that the defendant *entered and broke out of* the house, he was not guilty of the offence charged.

By the common law, descending the chimney of a house is an actual breaking; as much so in legal effect as would be the forcible breaking into a house by any other means. 3 Green. Ev. § 76. And such was recognized to be the law by this court in *Donohoo* v. *The State*, 36 Ala. 281.

In that case the defendant got into and attempted to descend the chimney of a storehouse, but was arrested in his descent, when near the arch of the fireplace, by the smallness of the aperture; and he became so tight and fast that he could not be pulled out, either at the top of the chimney or at the fireplace below, and the chimney had to be pulled down to extricate him. Although the defendant did not enter any room of the house, he was adjudged to have been guilty of burglary. The court held that a chimney is a necessary opening, and needs protection, as a part of the dwelling-house, it being as much closed as the nature of things will admit; and this decision seems to have been well fortified by the numerous authorities cited in the opinion of the court.

There is no error in the record, and the judgment of the circuit court is affirmed.