# Brown *v.* The State.

### Indictment for Burglary.

1. *What constitutes "breaking into" house.*—If a person enters a store through an open door, secretes himself within until the door is locked, then commits a larceny, and escapes by opening or breaking out a window, he can not be convicted of burglary under the statute (Rev. Code, § 3695).

FROM the Circuit Court of Wilcox.

Tried before the Hon JOHN K. HENRY.

The defendant in this case was indicted for breaking and entering the drug-store of Dr. John Paul Jones in the town of Camden, with the intent to steal, and stealing money from the drawer. The evidence adduced on the trial, as to which there was no controversy, showed that he entered the store through the open door, and secreted himself behind the

counter; that the clerk, having occasion to leave the store, shut the windows, and closed and locked the door, leaving the defendant so secreted; and that the defendant, during the absence of the clerk, opened the money drawer, took from it between nine and ten dollars, and escaped through one of the back windows, which he opened. On this evidence, the defendant asked the court to charge the jury as follows: "If the jury believe, from the evidence, that the front door of the store was open, and, being open, the defendant entered, and secreted himself under the counter; and that the clerk of the store went out, and shut and locked the door, locking up the defendant in the store; and that the defendant, while thus locked up, took money out of the drawer, and went out of the house by opening a window,— then the defendant would not be guilty of burglary as charged in the indictment." The court gave this charge, but added to it the following explanation, or qualification: "If the jury find, from the evidence, that he so entered the house with the felonious intent to secrete himself therein for the purpose of stealing therefrom, then it would, in legal contemplation, constitute breaking the house;" to which explanation, or qualification, the defendant excepted.

S. J. CUMMING, for the defendant, cited *Commonwealth v. Strupney*, 105 Mass. 588; *Rex v. Smith*, 1 Moody's Cr. Cases, 178; *Pines v. The State*, 50 Ala. 153; Roscoe's Cr. Ev. 340–4, 368; 1 Hale's P. C. 553–4; 3 Bla. Com. 226; 2 Lead. Cr. Cases, 53; 16 Amer. Rep. 769.

JNO. W. A. SANFORD, Attorney-General, for the State, cited *Donohoo v. The State*, 36 Ala. 281; *Walker v. The State*, 52 Ala. 376; 2 Bishop's Crim. Law, § 92; 1 Russell on Crimes, 791; 1 Lead. Cr. Cases, 540–41.

STONE, J.—The Revised Code (§ 3695) declares, that "any person who, either in the night or day time, with intent to steal, or to commit a felony, breaks into and enters a dwelling house, or any building within the curtilage of a dwelling house, though not forming a part thereof; or into any shop, store, ware-house, or other building, in which any goods, merchandise or other valuable thing is kept for use, sale, or deposit, is guilty of burglary," &c. It will be observed that this offense naturally divides itself into three constituent elements; the character of the house, the breaking into it, and the intent with which he entered the house. On the first and third of these constituents, there seems to have been no dispute in this case. The contest was over the

[Collier v. The State.]

second. The undisputed evidence is, that the front door of the store, in which the offense is alleged to have been committed, was open; that the defendant entered the house through said open door, secreted himself in the store, and, when the store was closed and locked, the defendant was locked in. Afterwards the defendant, being in the store, committed the larceny spoken of, and, opening or breaking a window, escaped with the money stolen. The question for our decision is, does this amount to a breaking into the store, within the statute?

The cases of *Donohoo v. The State*, 36 Ala. 281, and *Walker v. The State*, 52 Ala. 376, are relied on in support of the charge in this case. In the case of *Walker*, as in this case, there was a breaking out; but the prisoner was not adjudged guilty on that account. In each of those cases, the entry was by way of the chimney, which is uniformly held to be a sufficient breaking and entering to constitute that element of the crime of burglary. On that principle were the defendants adjudged guilty in the two cases cited. There must be an actual breaking, or a constructive breaking, by fraud, threats, or conspiracy. 3 Greenl. Ev. § 76. In England, they have a statute, which makes the escaping from a house, by breaking, etc., after committing a felony in the house, burglary in the offender. We have no such statute here. See *Com. v. Strupney*, 105 Mass. 588; Roscoe's Cr.Ev. 347.

Under the rules above declared, the Circuit Court erred in the explanatory charge given.

Reversed and remanded. Let the prisoner remain in custody, until discharged by due course of law.

