## LEWIS MARTIN *v.* THE STATE.

1. BURGLARY—INDICTMENT.—In charging a burglarious entry into a house, with intent to commit a theft, the indictment need not specifically and by name set out the property which the accused intended to steal.

2. BURGLARIOUS ENTRY.—Under the Penal Code of this state a burglarious entry of a house at night includes every kind of entry other than one by the free consent of the occupant, or of one authorized to give such consent. When the entry is at night, no actual breaking is necessary to constitute the offense of burglary.

3. BURGLARIOUS BREAKING.—Though an entrance was effected at night, through an open outer door, yet, if the accused, when in the house, unlocked or unlatched an inner door, with intent to commit a felony, his offense was burglary.

APPEAL from the District Court of Houston county. Tried below before the Hon. R. S. WALKER.

In the opinion of this court will be found so much of the indictment as is involved in the rulings. The accused excepted to it specially, because it was so vague, uncertain, and indefinite that no judgment on it would avail him in bar of a second indictment for the same offense, and also because "the felony pretended to be described in said indictment, charging this defendant with the intention of committing, after entering said house, is not sufficiently described, said allegation not stating what kind of goods this defendant intended to take, neither the amount nor value of the same, and does not state that there were any goods or property in said house."

The opinion also sets out so much of the instructions given, and the instruction refused, as is material to a full understanding of the case.

Two witnesses for the state made a strong case against the accused, proving that the house entered was a store and saloon, and, having locked up the house in the evening and gone to supper, they returned about nine o'clock at night and detected the accused lying under the counter, with several boxes of sardines close by him, and four or five bottles of whisky on the counter.

The proof showed that the house consisted of a main room and a shed room, in the latter of which were two windows, one of which was nailed down and the other usually kept fastened with an inside button. A witness for accused testified that, during the day prior to the offense, he observed that the latter window was up, and there was no evidence that it was afterwards closed. The state, however, proved that the door leading from the shed room into the main room, where accused was found, was latched.

The opinion states all other material facts.

*Moore & Spence*, for the appellant.

*W. B. Dunham*, of counsel for the State.

ECTOR, Presiding Judge.   The appellant was tried at the November term, 1876, of the district court of Houston county, on an indictment charging that he, the defendant, Lewis Martin, " on the 11th day of January, 1875, in the night-time, and about the hour of ten o'clock at night of the day last above named, fraudulently, feloniously, burglariously, and by force did then and there break and enter into a certain house then and there situated in the town of Augusta, in the county aforesaid, the said house then and there being a building and structure erected for private use, and the same then and there being occupied and used by Matthew Kyle and Collin Aldrich as a store-house and saloon ; and that the said Lewis Martin did then and there break and enter said house as aforesaid, with the intent then and there fraudulently, feloniously, and burglariously to take, steal, and carry away from the said house, and from the possession of the said Matthew Kyle and Collin Aldrich, the corporeal personal property of the said Matthew Kyle and Collin Aldrich then and there in the said house being, and then and there of the value of $100, without the consent then and there of the said Matthew Kyle and Collin Aldrich, or either of them, and with the intent then and there to deprive the said Matthew Kyle and Collin Aldrich, the owners of said corporeal personal property, of the value of the same, and to appropriate it to the use and benefit of him, the said Lewis Martin, against the peace and dignity of the state."   The jury found the defendant guilty of burglary, and assessed his punishment at three years' confinement in the penitentiary.

The defendant's exceptions to the indictment were not well taken. It sufficiently described the offense that the defendant entered the house named in the indictment with the intention of committing. When an entry into a house is burglariously made with the intent to commit a theft, it is not absolutely necessary to set out in the indictment specifically the property by name that the burglar entered the house with intent to steal. The property is set out with sufficient certainty, so that he could plead a final judgment of acquittal or conviction rendered in the case in bar of another prosecution for the same offense. See 1 Whart. Prec. of Indict. 370.

The charge of the presiding judge presented the law of the case clearly and fairly to the jury. It is specially insisted on the part of the counsel for the defendent that the court erred in that portion of the charge which is as follows, to wit : " An entry through an open door or open window is not an entry by force unless additional physical violence, to some degree, is required to enable the party to pass through said door, or to raise higher the window, in order to enable a passage through it to be effected. If a latch has to be lifted, or any additional force is necessary, to pass through the door, it would be violence or force as contemplated by the law." The counsel for the appellant has referred us to the case of *The Commonwealth* v. *Strupney*, 105 Mass. 588. Ames, J., in delivering the opinion of the court, says : "An entrance into a dwelling-house, through a window or door that was left partly open, is not the forcible breaking and entering necessary to constitute the crime of burglary. It should appear that the house was secured in a way so that, by the carelessness of the owner in leaving the door or window open, the party accused of burglary be not tempted to enter." *Commonwealth* v. *Stephenson*, 8 Pick. 354, takes the same position. In *Commonwealth* v. *Steward*,

7 Dane's Abr. 136, it was held in 1789 that "if a window be a little pushed up, it is not a breaking to obtain an entrance by lifting it higher."

At common law, and under all statutes which follow the common law in defining the offense, there must be an actual or constructive breaking into the house to commit the crime of burglary.   Every entrance into a house by a trespasser is not a breaking.   When a window was a little open, says Mr. Wharton (2 Am. Cr. Law, 1532), and not sufficiently so to admit a person, and the prisoner pushed it wide open and got in, this was held to be no sufficient breaking; though it is otherwise if the door is closed, in which case it is not necessary, to constitute the difference, that the door should be latched."

Burglary at common law is the breaking and entering the dwelling-house of another in the night-time with the intent to commit some felony within the same, whether the intent be executed or not.   The statute of Massachusetts, in defining the offense, follows the common law, so far as the forcible breaking and entering necessary to constitute the crime of burglary.   Both under the common law and the statute of Massachusetts burglary could only be committed in the night-time, and then the entrance must be effected by breaking.   The same amount of force which is required by the common law to effect a burglarious entrance into a house at night is required to effect it, under our Code of Criminal Law, in the day-time.   Our Criminal Code provides as follows:   "Article 724.  The offense of burglary is committed by entering a house by force, threats, or fraud, at night, or in like manner by entering a house during the day and remaining concealed therein until night, with the intent in either case of committing a felony" (or the crime of theft).

"Article 725.  He is guilty of burglary who, with the intent to commit a felony by breaking, enters a house in the day-time.

34

" Article 725, *a*. The entry into a house, within the mean-
ing of Article 724, includes every kind of entry but one
made by the free consent of the occupant, or of one author-
ized to give such consent; and it is not necessary that there
should be any actual breaking, to constitute the offense of
burglary, except when the entry is made in the day-time.''

The cases relied on by the counsel for the defendant are
not applicable to the law in force here in defining burglary.
Under the common law the entry into the house must be
by breaking.  Under our statute the entry into the house
at night includes every kind of entry but one by the free
consent of the occupant, or of one authorized to give con-
sent, and it is not necessary that there should be any actual
breaking when the entry is made at night.  In this state,
whenever any force is applied, even if it be the pushing
wider a partly-open door, or pushing up a window partly
raised, so as to enable the person to enter the house with-
out the free consent of the occupant, or of one authorized
to give consent, with the intent to steal the property of
another from said house, the party so entering said house is
guilty of burglary.

The testimony shows that the door between the main
room and shed room was closed and latched.  If the
entrance of the defendant into the house described in the
indictment was made through the window in the shed room,
he had to open the door to get into the room where he was
found.

The counsel for the defendant, after he had heard the
charge submitted by the district judge to the jury, asked
the following special charge:  '' That the forcible entry, as
mentioned in the original charge, has reference to an entry
from the outside, and not to an entry into any inner room
of the house, and the same will be so considered by the
jury.''  This charge was properly refused.

A burglary may be committed by a breaking on the inside ;

for, though a thief enter into a house in the night-time, through the outer door being left open or by an open window, yet if he, when in the house, turn the key or unlatch a door with the intent to commit a felony, this was held to be burglary at common law. See 2 Whart. Am. Cr. Law, 1537.

We find no error committed by the district court on the trial of this cause. The judgment is, therefore, affirmed.

*Affirmed.*