# Olds v. The State.

*Indictment for Burglary.*

1. *Burglary—sufficient breaking and entering.*—Getting into the chimney of a store house with intent to steal goods kept there, is a sufficient breaking, and entering, to constitute burglary, although the party did not enter any room of the house.

APPEAL from Wilcox Circuit Court.

Tried before Hon. JOHN MOORE.

The evidence in the case showed that one Willis owned a store-house in Wilcox county, where goods were kept for sale, and in January, 1892, the defendant calling for help, was found fastened in the flue of the chimney of the store, just above the fire place, and on being taken out confessed that he entered the chimney for the purpose of stealing goods from the store. The court charged the jury in substance that if the defendant entered chimney with the intention of going down it into the store to steal, then he was guilty as charged, although he did not, in fact, get through the chimney into the house.

W. L. MARTIN, Attorney-General, for the State.

HARALSON, J.—In *Donohoo v. State*, 36 Ala. 281, we held, that getting into and descending the chimney of a house, with intent to steal, is a sufficient breaking and entering to constitute burglary, although the party does not enter the room of the house, below. And such was the ruling of this court in *Walker v. State*, 52 Ala. 376, though in the latter case, the party entered into the house by going down the chimney. Such a breaking is an actual one, as much so as the forcible breaking by any other means. 3 Gr. Ev. § 76.

On the foregoing authorities, this case must be affirmed.