# Pressley v. The State.

## *Indictment for Burglary.*

1. *Burglary; sufficiency of indictment.*—An indictment which charges that the defendant, with intent to steal, broke into and entered a smoke-house, the property of a named person, "in which said smoke-house meat and flour, things of value, were kept for use," &c., sufficiently charges burglary, as defined by the statute (Code, § 3786), and is not demurrable because it fails to aver that the said smoke-house was within the curtilage of the dwelling-house.

2. *Admissibility of confessions; extraneous criminative facts discovered.*

[Pressley v. The State.]

Confessions, to be admissible in evidence, must have been voluntarily made; but if a confession, though involuntary because obtained by improper means, discloses extraneous facts which show its truth and tend to prove the commission of the crime charged, such facts may be proved, and so much of the confession as relates strictly to them.

3. *Evidence; general objection, when part admissible.*—When a part of the evidence admitted is legal and clearly admissible, a motion to exclude it as a whole, without so framing the objection as to apply to the illegal evidence only, is properly overruled.

4. *Burglary; what sufficient breaking and entry.*—Where a building made of logs rests on the ground, and is without a floor other than the ground, an entrance effected by digging a hole under the lower log and going through such hole into the house, is such a breaking and entering as to constitute burglary.

APPEAL from the Circuit Court of Wilcox.

Tried before the Hon. R. GAILLARD, Special Judge.

The appellant was indicted, tried and convicted for burglary. The indictment and the gist of the demurrers thereto, which were overruled, are stated in the opinion.

Upon the introduction of Wheeler Young, in whom the ownership of the house alleged to have been burglarized was laid, as a witness, he testified to the breaking into the house and the stealing therefrom of flour and hams, meat, lard and sugar; and that upon his and Lindsey Young discovering some tracks near the scene of the burglary, they followed the tracks to the house of the defendant; that upon coming to where the defendant was at work in his field, Wheeler Young told him that they had come for the meat and sugar which he had taken from his smoke-house the night before. The further testimony of this witness was as follows: "Defendant denied that he had taken any of his meat and persisted in his denials, while witness persisted in his charges. Defendant's aunt, who was in the house near by, came out and told defendant to let her have his horse, and she would go for defendant's uncle to come and settle the matter. The defendant told her she need not go, that they could settle it themselves. Then the defendant remarked that he would tell where his meat was, if witness and his father would not tell on him. Witness promised that they would not tell on him; and thereupon the defendant and witness and Lindsey Young went in the direction of the defendant's house, passed

by it, and went about some seventy-five yards from said house, and to the rear of it, and defendant pointed to a pine tree top in a brier patch, and said to said witness : 'there it is, and I got it out of your smoke-house.' There was a sack in the brush hidden, which witness told the defendant to get out. Defendant got it out. In it were some pieces of a ham. Witness said he recognized and identified the pieces as one of the hams he had lost from his smoke-house. The hams and midlings were meat he had raised and cured, and he knew them. Witness further testified that he recognized and identified the crocus sack in which the meat was, as a sack which belonged to him, and which was in his smoke-house the evening before said alleged burglary. Witness said that when he saw the sack he said to the defendant, 'My God man, did you steal my sack too? You must have aimed to take everything, and leave me nothing.' Witness said that at this place he only got back said sack and part of a ham. He then asked defendant where his other meat was, and the defendant brought witness and Lindsey Young five miles back toward Camden, on the road he had trailed the horse track on that morning, to an old uninhabited dwelling house not far from said road, and defendant, after going in, climbed up into the loft, and got down three middlings of meat, and gave them to witness. Witness said he recognized and identified said three middlings as his, which had been taken from his smokehouse the night before. Witness further stated that there were three of his missing hams which he never got back. At the old house where the middlings were found, witness inquired for the hams; and told him he had better tell where they were, but the defendant did not tell him, and that he has never got them back. Witness testified that the defendant, at one time, lived with him, and left him about six weeks before the alleged burglary. Witness further stated that he took the meat he got from defendant, back home with him that day, and that as he passed through Camden, he swore out a warrant of arrest for defendant." The bill of exceptions then recites : "The defendant moved to exclude the declarations of the defendant and his confessions as testified to, on the ground that they were not voluntary. The court overruled the motion allowing all that the defendant had

[Pressley v. The State.]

said to go to the jury, and the defendant then and there duly and legally excepted to these rulings of the court.''

The defendant requested the court to give to the jury the following written charge and duly excepted to the court's refusal to give the same as asked: ''The court charges the jury that if they believe from the evidence that defendant did not break the house, or went and dug a hole under the house, and entered through the hole, then they must acquit the defendant.'' The other facts of the case are sufficiently stated in the opinion.

MILLER & BONNER, for appellant.—The court below erred in overruling the demurrer of the defendant to the indictment. The indictment should have charged that the smoke-house alleged to have been burglarized was within the curtilage of the dwelling house of Wheeler Young. The indictment was drawn, or attempted to be drawn, under the second clause of section 3786 of the Criminal Code. And the smoke-house was clearly within the curtilage of the dwelling house, and the indictment should have been drawn under the first clause of the section, and not under the second.—Crim. Code, § 3786; *Washington v. State*, 82 Ala. 32; *Johnson v. State*, 82 Ala. 31; *Fisher v. State*, 43 Ala. 17.

The court erred in not excluding the confessions of the defendant as testified to by Wheeler Young; since the confessions were clearly inadmissible.—*Murphy v. State*, 63 Ala. 1.

The pointing out of the meat and other things were admissible, but the declarations of the defendant as to same and where he got them were not admissible, and should have been excluded from the jury.—*Murphy v. State*, 63 Ala. 1; *Sampson v. State*, 54 Ala. 241; 3 Amer. & Eng. Encyc. of Law, 449, 450. ''Though the confession may be obtained by the influence of threats or promises, if they disclosed the extraneous facts, which show their truth and tend to prove the commission of the crime, so much of the confession as relates strictly to the fact discovered, and such facts are admissible in evidence, but not the entire confession.''—*Banks v. State*, 84 Ala. 430; *Owen v. State*, 78 Ala. 425. The entire confession ''there it is and I got it out of your smoke-house,'' is clearly inadmissible, while a part of it might be admissible.

[Pressley v. The State.]

Wm. C. Fitts, Attorney-General, for the State.—The indictment was sufficient, and the demurrer thereto was properly overruled.—*Henderson v. State*, 70 Ala. 23; *Kelly v. State*, 92 Ala. 244.

The evidence shows that the means of entering the house was sufficient to constitute it a burglary.—*Olds v. State*, 97 Ala. 81; *Carter v. State*, 68 Ala. 96.

COLEMAN, J.—The defendant was indicted for burglary. The charge is that the defendant, "with intent to steal, broke into and entered a building, to-wit, the smoke-house of Wheeler Young, in which said smoke-house meat and flour, things of value, were kept for use, sale or deposit," &c. The defendant demurred to the indictment, assigning several grounds, all of which were overruled.

The statute reads as follows: "Any person, who, either in the night or day-time, with intent to steal, or to commit a felony, breaks into and enters a dwelling-house, or any building, structure, or enclosure within the curtilage of a dwelling-house, though not forming a part thereof, or into any shop, store, ware-house, or other building, structure, or enclosure, in which any goods, merchandise, or other valuable thing, is kept for use, sale, or deposit," &c.—Cr. Code, § 3786.

The gist of the demurrer is, that inasmuch as the indictment avers the building to be a smoke-house, it should also have averred that it was within the curtilage of the dwelling-house. The argument can not be maintained. A smoke-house is not necessarily a building within the curtilage of a dwelling. It may be a smoke-house and yet so located and situated as to distance and surrounding circumstances as not to be within the curtilage of the dwelling. It may be that an indictment which charges the burglary of a building within the curtilage is not sustained by proof of the burglary of a building without the curtilage, and *vice versa*, it may be that proof of a burglary within the curtilage is a variance when the indictment charges the burglary without the curtilage, but the question of a variance is not raised by objection to evidence or by instructions to the jury, and we will not consider it.

After the witness, Wheeler Young, had detailed the circumstances of tracing a part of the stolen articles to

[Pressley v. The State.]

defendant's house, the conversation with him relative to the theft, the finding of a part, which was pointed out by the defendant near the defendant's house, concealed in a tree top, the fact that defendant accompanied him about five miles back to an old uninhabited out-house, when the defendant went up into the loft and got another portion of the stolen property, and had concluded his testimony without objection, the defendant then "moved to exclude the declarations of the defendant and his confessions as testified to, on the ground that they were not voluntary." Appellant's counsel, in their brief, state the rule correctly as follows: "Though a confession may be obtained by the influence of threats or promises, if they disclose the extraneous facts which show their truth and tend to prove the commission of the crime, these facts may be proved, and so much of the confession as relates strictly to the facts discovered, may be proven, but not the entire confession."—*Banks v. The State*, 84 Ala. 430; *Owen v. The State*, 78 Ala. 425; *Burton v. The State*, 107 Ala. 108. The objection goes to all the declarations and confessions testified to by the witness. Some of these declarations were clearly admissible, to-wit, the defendant's reply to his aunt, when she proposed to go after his uncle, in order to settle the matter, "that she need not go, that they could settle it without him;" also as they neared the tree top, where the property was concealed, when the defendant pointed to the tree top, and remarked, "there it is, I got it out of your smoke-house." As we understand the argument of appellant, they insist, that a part of this statement, "there it is," was admissible, but the remainder, "I got it out of your smoke-house," was a confession of guilt and not admissible. If this was true, the court might properly have overruled the motion, as it applied to legal as well as illegal evidence. It was incumbent upon the defendant to have framed his objection in such way as to apply only to the illegal evidence. A court is not required to make the separation for him. We are clearly of the opinion that a part of the evidence objected to was not illegal, conceding that the defendant had not waived his right to object, by permitting the evidence to be admitted without objection, until he had received the benefit of such as was favora-

[Dorsey v. The State.]

ble to him.   Under all the circumstances, the court did
not err in overruling the motion.

The only remaining question is as to whether there
was such a breaking as to constitute burglary.   The
evidence shows the building was made of logs and rested
upon the ground, and was without a floor other than the
ground itself.   The entry was effected by digging a hole
under the lower log and going through this hole under
the log into the house.   There can be no doubt that the
entrance effected in this way was a burglary of the most
pronounced character.   Citations are scarcely required
in support of this proposition.—*Donohoo v. State*, 36 Ala.
281; *Walker v. State*, 52 Ala. 376; *Olds v. State*, 97
Ala. 81.

Affirmed.