# Henderson *v.* H. L. Berry Co.

*Breach of Covenant of Warranty.*

(Decided Dec. 21, 1905, 39 So. Rep. 662.)

1. *Appeal; Record; Presumptions.*—Where the record discloses no
   ruling upon demurrers to certain counts of the complaint,
   this court will presume that such demurrers were either with-
   drawn, or not insisted upon.

2. *Covenant; Warranty against Incumbrance; Pleadings.*—A count
   in a complaint which alleges a warranty by deed against in-
   cumbrances, but fails to allege any incumbrance, and, instead,
   alleges a paramount, outstanding title at the time of the exe-
   cution of the deed, is bad and subject to demurrer.

3. *Same; Pleading; Construction.*—In a complaint for breach of
   warranty a count which avers the existence of a paramount
   outstanding title at the time of the execution of the covenant
   of warranty, excludes the conclusion that the outstanding
   title by which plaintiff was evicted, emanated from plaintiff,
   and is not subject to demurrer on that ground.

4. *Appeal; Pleadings; Prejudice.*—Although counts remained in a
   complaint on which verdict and judgment might properly be
   rendered, erroneous rulings as to other counts of the com-
   plaint will be presumed to be prejudicial, unless the contrary
   clearly appears from the record.

APPEAL from Pike Circuit Court.

Heard before Hon. JOHN P. HUBBARD.

This is an action of covenant, and the first count al-
leged a covenant against incumbrances, and set up a
paramount and lawful title in another than the grantor.
The second count counted on a warranty of title, and set
up an outstanding title in another. Demurrers were
filed to the first count as follows: "(1) Said count
claims a breach of covenant against incumbrances on
certain lands therein described, and fails to allege that
there was an incumbrance thereon. (2) Said count
claims damages for breach of covenant against incum-
brances, and the assignment shows a breach of the
covenant of seisin. (3) Said count claims for a breach

[Henderson v. H. L. Berry Co.]

of covenant against incumbrances on certain land, and the assignment shows that no title passed to the plaintiff by the defendant." Counts A and B were added, to which demurrers were filed.

FOSTER, SAMFORD & CARROLL, for appellants.—An incumbrance is every right to, interest in the land granted, to the diminution of the value of the land, but consistent with the passing of the fee by the conveyance.—*Copeland v. McAdory*, 100 Ala. 557.

A count charging breach of covenant by asserting paramount title, should charge and allege that same did not eminate from plaintiff.—*Chestnut v. Tyson*, 105 Ala. 167.

To maintain case for breach of covenant of general warranty, eviction by title paramount is essential.—8 A. & E. Ency. Law (2d Ed.) 98.

Plaintiff cannot recover sustantial damages in the case until he has shown an eviction by title paramount, otherwise his recovery is only nominal.—4 A. & E. Ency. Law (1 Ed.) 569b. The proper measure of damages is prescribed in *Clark v. Zeigler*, 79 Ala. 350; *Bibb v. Freeman*, 59 Ala. 619. See also *Bagby v. Harris*, 9. Ala. 173.

RILEY & WILKERSON, for appellee.—Counts A and B were filed regularly with permission of the court. The judgment does not show a ruling on demurrer to these counts, hence it will be presumed that they were abandoned or withdrawn, and if appellee was entitled to recover on counts A and B it was error without injury to overrule appellant's demurrers to counts 1 and 2.

DOWDELL, J.—The complaint as originally filed contained two counts, to both of which counts demurrers were interposed. Subsequently the complaint was amended by the addition of two other counts, designated as "A" and "B." Demurrers were also filed to these latter counts. The judgment entry shows a ruling by the court on the demurrers to the first two counts, overruling said demurrers; but no ruling by the court is shown on the demurrers to counts A and B. It will therefore

be presumed that the demurrers to these counts were withdrawn, or, at least, not insisted on.—2 Mayfield's Dig. 131, § 49.

By the former judgment of this court on February 3, 1904, the bill of exceptions was, on motion of the appellee, stricken from the record. With no judgment shown on the demurrers to counts A and B, this leaves only the first and second assignments of error to be considered, which said assignments relate to the rulings of the court on the demurrers to the first and second counts. The first count avers a warranty against incumbrances, but fails to show any incumbrance. In alleging a breach of the warranty averred, instead of showing an incumbrance, an existing, outstanding, paramount title is shown at the date of the execution of the deed. The demurrer to this count was well taken, and on the authority of *Copeland v. McAdory*, 100 Ala. 557, 13 South. 545, and cases there cited, it should have been sustained. The second count of the complaint is not subject to grounds of objection assigned in the demurrer to this count. It is averred that the alleged paramount title existed and was outstanding at the time of the execution of the deed from the defendant to the plaintiff. This excludes the conclusion that the title under which plaintiff was evicted emanated from the plaintiff.—*Chestnut v. Tyson*, 105 Ala. 168, 16 South. 723, 53 Am. St. Rep. 101.

It is insisted that, if there was error in the ruling on demurrers to the first and second counts, it was error without injury, since there remained counts A and B, under either of which verdict and judgment might be properly rendered. This insistence is not sound. The rule is that, when error is shown, injury will be presumed from such error, unless the contrary affirmatively appears from the record.—2 Mayfield's Dig. p. 129, § 20.

For the error pointed out the judgment must be reversed, and the cause remanded.

Reversed and remanded.

HARALSON, TYSON, SIMPSON, and DENSON, JJ., concur.