# Harris Transfer & Warehouse Co. *v.* Moor.

## *Assumpsit.*

### (Decided May 19, 1914.  65 South. 416.)

1. *Appeal and Error; Record; Matters Presented.*—Where the record proper fails to show a judgment of the court upon defendant's demurrer to the complaint, the demurrer will be treated as having been abandoned and cannot be reviewed on appeal.

2. *Frauds; Statute; Performance Within the Year.*—Subdivision 1, section 4289, Code 1907, is without application to a contract of employment by the terms of which the employee was to be paid a percentage of the profits, even though the payment was not to be made until the end of the year's business, since that provision applies only to executory contracts, and the contract in question was entirely executed except for the payment of the money.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by J. B. Moor against the Harris Transfer & Warehouse Company.  Judgment for plaintiff, and defendant appeals.  Affirmed.

The sixth count claimed damages for the breach of an agreement, in substance that defendant agreed to pay plaintiff a salary of $125 per month for services as auditor and office manager of defendant, commencing on June 1, 1910, for three months, and after the expiration of that time to pay plaintiff $150 per month as long as he worked for defendant, and in addition to the salary to pay 5 per cent. of the net earnings of the first year of plaintiff's employment under said contract, to wit, June 1, 1911, as long as plaintiff worked with defendant, due on, to wit, November 20, 1913; that plaintiff continued to work under the contract until said November, and although he complied with the provisions of the contract on his part, defendant has failed to comply with the following provisions, in that he has

failed to pay plaintiff, after demand, 5 per cent. of the net earnings, which plaintiff alleges to be the sum of .$400.

Plea 6 is as an answer to the sixth count, that the alleged contract described in said count is not in writing, and that under its terms it was not to be performed within one year from the making thereof, and it is therefore void under the statute of frauds.

HALEY & HALEY, and T. M. BRADLEY, JR., for appellant.    Counsel discuss the errors relative to pleading, and insist that the court erred in overruling demurrer to the complaint, and cite authority in support of contention, but in view of the opinion it is not deemed necessary to here set them out.    The defendant's sixth plea was good, and the court erred in sustaining demurrers to it.—*Scroggin v. Blackwell*, 36 Ala. 351; *Prout v. Webb*, 87 Ala. 593; *Horton v. Woolner*, 71 Ala. 453.

BLACK & DAVIS, for appellee.    No brief reached the Reporter.

PELHAM, J.—The appeal is on the record without a bill of exceptions, and the only two errors assigned relate to the ruling of the trial court in overruling defendant's (appellant here) demurrers to the sixth count of the complaint; and, second, in sustaining appellee's demurrers to appellant's sixth plea.

As to the first assignment, it is enough to say that the record shows no judgment of the court on the demurrers to the sixth count.    We find set out in the transcript demurrers to the complaint filed on the same day that the complaint was amended by filing count No. 6. These demurrers, however, seem to be directed at other counts of the complaint, and are set out in the trans-

cript before either amended counts 5 and 6; but, even if they be taken as interposed to count 6, the record is entirely silent, so far as showing any disposition of them or ruling on them as to count 6 by any order or judgment of the court, and will be treated on appeal as having been abandoned.—*Henderson v. Berry & Co.,* 145 Ala. 404, 39 South. 662; *Gen. Elec. Co. v. Ft. Deposit,* 174 Ala. 179, 56 South. 802.

By plea No. 6 the defendant undertook to set up that provision of the statute of frauds which declares that an "agreement which, by its terms, is not to be performed within one year from the making thereof," is void, and the party not to be charged therewith unless the same is in writing.—Code, § 4289, subd. 1. The allegations of the count of the complaint which the plea purported to answer show that the contract or agreement was one wholly executed on one side, and that nothing remained to be done on the other but to pay the amount stipulated for the services that had been performed on the one side and the benefits received and accepted upon the other side. That provision of the statute of frauds sought to be pleaded does not apply to such a state of facts as set up by this count of the complaint as a basis for recovery, although it is stipulated by the contract that the money is not to become due or payable until after the expiration of the year.—*Rake's Adm'r v. Pope,* 7 Ala. 161. The contract is shown by the averments not to be executory, but to have been voluntarily executed by the parties, with nothing remaining to be done but to pay the money.—*Carbon Hill Coal Co. v. Cunningham, et al.,* 153 Ala. 573, 44 South. 1016. The statute of frauds requiring certain contracts to be in writing applies to *executory,* and not to *executed,* contracts.—*Kling v. Tunstall,* 124 Ala. 268, 272, 27 South. 420; *Rhodes, Adm'r, v. Storr,* 7 Ala. 347; *Gafford*

*v. Stearns,* 51 Ala. 434; *Lagerfelt v. McKie,* 100 Ala. 430, 14 South. 281; 20 Cyc. 302.

The court was not in error in sustaining demurrers to plea No. 6 setting up the statute of frauds as a defense to the sixth count of the complaint.

