# Boyd v. The State.

## *Burglary.*

(Decided February 9, 1915.   67 South. 806.)

1. *Pleading; Abandonment.*—Where the record fails to show any action thereon by the court, a plea in abatement to an indictment because of irregularity in drawing the grand jury, will be deemed to have been abandoned.

2. *Indictment and Information; Language of Statute.*—An indictment for burglary in the form prescribed by the Code, and which follows the language of the statute creating and defining the offense is sufficient.

3. *Burglary; Elements; Value of Goods Stolen.*—Where the charge was burglary of a railroad car, evidence that part of the goods stolen was sold to other parties a few hours after the burglary, was sufficient proof that the articles stolen were of value, as alleged in the indictment.

4. *Same.*—The stealing of any goods of any value from a railroad car is burglary, and the value of such goods is not an element of the offense.

5. *Same.*—The fact that goods alleged to have been stolen from a railroad car had some value in such sense as to constitute burglary may be shown by either direct or circumstantial evidence.

APPEAL from Shelby Circuit Court.

Heard before Hon. HUGH D. MERRILL.

John Boyd was convicted of burglary from a railroad car and he appeals.   Affirmed.

[Boyd v. The State.]

ACUFF & PITTS, for appellant. The grand jury was drawn more than twenty days before the beginning of the court to which the indictment was returned, and the plea in abatement should have been sustained.— *Richter v. The State,* 47 South. 163; *Thrower v. Brandon,* 7 South. 442. The grand jury was not drawn by the officers designated by law.—*Spivy v. The State,* 56 South. 232. The indictment did not allege that the car which was broken open was the property of a corporation, partnership or person.—*Burrows v. The State,* 147 Ala. 114; *Edmonds v. The State,* 87 Ala. 12; *Johnson v. The State,* 73 Ala. 483. No value was shown and this is essential.—*Lucas v. The State,* 11 South. 216; *Ashmon v. The State,* 63 South. 754.

W. L. MARTIN, Attorney General and THOMAS H. SEAY, Assistant Attorney General, for the State. The court will not consider the question as to whether the grand jury was properly drawn, since it is not raised on the record.—*Crawford v. The State,* 112 Ala. 1. In any event the matter rested in the discretion of the court.— *Bryant v. The State,* 79 Ala. 282. The indictment followed the form prescribed by the Code as well as the language of the statute, creating and defining the offense, and was hence sufficient.

PELHAM, P. J.—A plea in abatement to the indictment, going to irregularity in drawing the grand jury that returned it, is set out in the record, but the transcript is entirely silent with respect to what disposition, if any, was made of the plea, and, in the absence of any judgment or ruling of the court on the plea, nothing is presented for review with respect to it. No action being shown to have been taken on the plea, nor what disposition was made of it, on appeal it will be treated as aban-

doned.—*Harris Transfer Co. v. Moor,* 10 Ala. App. 469, 65 South. 416.

No objection can be taken to an indictment on any ground going to the formation of the grand jury that found the same except by plea in abatement.—Jury Law (Acts 1909, p. 315, § 23). The court properly overruled the defendant's motion to quash the indictment for the alleged irregularity in the formation of the grand jury set up in the motion, for, even if considered on its merits, the motion was not well taken. Under the usual rule of excluding one and including the other of the two days in making the count, the jury was not drawn prior to 20 days before the beginning of the term of the circuit court to which the indictment was returned.

The first count of the indictment, charging burglary, to which the demurrers interposed by the defendant were overruled, is in the exact language of the form prescribed by the Code. See Criminal Code, p. 665, form 28, which follows the language of the statute creating and defining the offense.—Code, § 6417. It has been repeatedly held that, when an indictment is drawn in strict conformity with the directions given in the Code, it is sufficient. See discussion of the subject in *Jones' Case,* 136 Ala. 118, 34 South. 236.

The evidence showing that part of the goods stolen were sold to different parties a few hours after the burglary by the defendant and his associates jointly indicted with him was sufficient proof of the articles stolen being things of value, as alleged in the indictment. One witness testified in this connection that he paid the defendant $8 for some of the goods.

The value of goods in the designated place (a railroad car) is not an element of the offense; the stealing of such goods of any value from a railroad car is burglary, irrespective of the value.—*Rose v. State,* 117 Ala. 77, 23 South. 638.

It is not necessary that the goods stolen must be posi-tively proven to be of value by direct evidence; it may be made to appear by circumstantial proof.—*Miller v. State,* 77 Ala. 41.

No reversible error being shown by the record, an af firmance of the judgment will be ordered.

Affirmed.