## WALKER *vs.* GREGORY.

[DETINUE FOR SLAVES AND OTHER PERSONAL PROPERTY.]

1. *Illegal consideration.*—A contract, whether in form a settlement on a mistress, or a promise to pay money, made upon consideration of future illicit cohabitation between the parties, is void; and although the law may presume, where the evidence leaves it doubtful whether the consideration was past or future cohabitation, that the former was the real consideration; yet, where it is shown that "there was evidence conducing to prove that the real consideration was future illicit intercourse," the court may properly refuse a charge asserting that legal proposition, although "there was also evidence tending to prove that there had been prior illicit intercourse between them."

2. *Same.*—Where a party plaintiff cannot make out his case, without the aid of a contract founded on an illegal consideration, he is not entitled to recover, although the contract may have been executed on his part; but, where a party is resisting a recovery, the rule may possibly be different.

APPEAL from the Circuit Court of St. Clair.

Tried before the Hon. WM. S. MUDD.

THIS action was brought by Mary Walker, against Terrell Gregory, to recover certain slaves, together with "twenty head of hogs, one horse, saddle and bridle." The only plea was the general issue, "with leave to give in evidence any special matter which might be pleaded in bar." The facts of the case are thus stated in the bill of exceptions:

"The plaintiff proved the value of the slaves sued for, and their hire, and that they were in the defendant's possession at the commencement of the suit; also, that the slave Rachel, the mother of the other slaves sued for, was the property of Jeremiah Gregory on the 24th April, 1849, and so continued to be up to the time of his death in 1853; while the defendant introduced evidence tending to show, that said slave was his property on said 24th April, 1849, and so continued to be. After proving its

execution, plaintiff offered in evidence a written agreement between herself and said Jeremiah Gregory, a copy of which is hereunto annexed as a part of this bill of exceptions; and introduced evidence tending to show, that she had been living in the house of said Gregory a short time when said agreement was executed; and that she continued to reside there and perform her part of said written agreement. There was, also, evidence conducing to prove, that the real consideration of and for said agreement was future illicit intercourse between said Gregory and plaintiff. The plaintiff introduced evidence, also, tending to prove that there had been illicit intercourse between them before the execution of said agreement, and that the said Gregory was the father of her two youngest illegitimate children. It was proved, also, that plaintiff had never been married, that she had three illegitimate children, and that her general character for chastity was bad; also, that said Gregory was a married man at the time of the execution of said agreement, and had been for many years previous; that his wife lived with him up to the time of his death, and that they had one child, who is the administrator of said Gregory's estate and the defendant in this suit."

The agreement above referred to is signed by both the parties, and is in the following words: "Agreement made and entered into the 24th day of April, A. D. 1849, between Jeremiah Gregory and Mary Walker, both of the county of St. Clair and State of Alabama, witnesseth, that said Gregory agrees with said Mary Walker to give her at his death one negro, together with the future increase from this date, and twenty head of hogs, one horse, saddle and bridle, for and in consideration of her services during his life, in attending to the business of his house, and working in the house, and attending to and keeping in repair the clothing of the family, furniture, and beds; also, to find board for her and her two children during the same period; and on her failing to comply with said stipulations, this agreement to be null and void. And the said Mary Walker hereby agrees to attend to the household business of said Gregory during his life, (should

Walker v. Gregory.

she live so long,) and to use due care, industry and dili-gence in keeping the household furniture and apparel in order and repair, and to accept for her services, at the death of said Gregory, said female slave Rachel, with her increase, and board and sustenance for herself and her two children, and twenty head of hogs, one horse, saddle and bridle. In testimony whereof," &c.

"Upon this state of facts, the court charged the jury, among other things, (1st,) that if they were satisfied from the evidence that the real and only consideration for the making of said agreement on the part of said Gregory and plaintiff was future illicit intercourse, then the agree-ment was illegal, and plaintiff could not recover on it; but (2d,) if they were satisfied from the evidence that said agreement was made in consideration of past illicit intercourse, then it was good and valid, and plaintiff would be entitled to recover. The plaintiff excepted to the first charge, and then asked the court to charge the jury as follows: 1. 'That if the proof shows cohabitation both before and after the contract, and either one or the other was the consideration of the contract, then the pre-sumption of law is, that it was for past cohabitation; and that past cohabitation is a good consideration, and suffi-cient to sustain the contract.' 2. 'That if the contract is proved, and performed by the plaintiff, then it is exe-cuted, and vests the title to the slaves in her on the death of said Gregory, (if the title was in said Gregory at the time said contract was made,) and she is entitled to recover; and, although the contract may have been illegal, this cannot be set up as any defense in this action.' The court refused to give either of these charges, and the plaintiff excepted."

The rulings of the court to which, as above stated, exceptions were reserved, are now assigned as error.

ALEX. & JNO. WHITE, for appellant.—1. The first charge asked should have been given. Parties will be presumed to have contracted legally, where the contract is suscepti-ble of a legal and an illegal construction.—Lewis v. Da-vidson, 4 Mees. & W. 653; Broom's Legal Maxims, 471;

Atherly on Marriage Settlements, 391–2; Gray v. Mathias, 5 Vesey, 286.

2. The plaintiff having performed her part of the agreement, the contract operated as an actual conveyance of the title to the property.—Sewall v. Henry, 9 Ala. 24; Eiland v. Radford, 7 Ala. 726; McLeod v. Powe, 12 ib. 9. When an immoral contract has been executed, the parties being in pari delicto, the court will not set it aside.—1 Story on Contracts, § 543; Worcester v. Eaton, 11 Mass. 378; 1 East, 94; 8 Durn. & E. 575; 1 Story's Equity, § 297; Adams v. Broughton, 13 Ala. 741; Marler v. Marler, 6 ib. 367; Eddins v. Wilson, 1 ib. 237.

JAS. B. MARTIN, contra.—1. That the court did not err in the charges given, or in the refusal of the charges asked, is fully shown by the following authorities: Stanley v. Nelson, 28 Ala. 514; 6 Ohio, 19; 11 Mass. 368; 5 Cowen, 253; Harper's (S. C.) R. 201; 1 Parsons on Contracts, 380–81; 1 Greenl. Ev. § 284; Gunter v. Leckey, 30 Ala. 591.

2. The first charge asked was properly refused, because it was calculated to confuse and mislead the jury.

R. W. WALKER, J.—There can be no doubt, that a contract which is made upon consideration of future illicit intercourse between the parties, is illegal and void. The rule includes a settlement on a mistress, equally with a promise of payment for future illicit intercourse.—Ath. on Mar. Set. 390; 27 Law Lib. 202. There was, therefore, no error in the first charge given.—1 Story Contr. § 541; Ath. on Mar. Set. 390.

The first charge asked by the plaintiff was rightly refused. The record recites that the testimony conduced to prove that the real consideration of the agreement was future illicit intercourse; while the bill of exceptions does not affirm that there was any evidence which tended to show that past intercourse furnished the consideration, either in whole or in part, on which the agreement rested. The charge asked may have been proper, in a case where the testimony left the jury in doubt on the question, whether the consideration was past or future intercourse.

Ath. on Mar. Set. 391. We are not informed that that is this case. In the present record, we are informed of but two facts in this connection; that there was both past and future illicit intercourse, and that the evidence conduced to show that the real consideration of the agreement was the future intercourse. The charge asked ignored an important fact, which the evidence conduced to prove, and, if given, would have justified the jury in finding for the plaintiff, notwithstanding they may have been satisfied the express consideration of the agreement was future illicit intercourse. This not only justified, but demanded its refusal.—Edgar v. McArn, 22 Ala. 796; Pritchett v. Munroe, *ib.* 501; Reese v. Beck, 24 *ib.* 651; Upson v. Raiford, 29 *ib.* 188; Rowland v. Ladiga, 21 *ib.* 9; Ross v. Pearson, 21 *ib.* 473; Hollingsworth v. Martin, 23 *ib.* 591.

If the proof showed that the real consideration of the contract was future cohabitation, then it was to be read as though it had recited that consideration. To establish her cause of action, the plaintiff was forced to rely on the contract; and if that was founded on an illegal consideration, she had no right to recover.—Gunter v. Leckey, 30 Ala. 591. If the plaintiff had been in possession of the slaves, and the administrator of Gregory had sought to recover them from her by suit, possibly the rule would have been different, and she might have protected herself under the maxim, "*potior est conditio possidentis.*"—1 Story's Contr. § 543; Worcester v. Eaton, 11 Mass. 378.

There was no error in the refusal of the second charge asked by the appellant.

Judgment affirmed.

A. J. WALKER, C. J., not sitting.