DARIUS TARBELL, Admr. of ARTHUR W. TARBELL *v.* RUTLAND

RAILROAD COMPANY.

May Term, 1901.

Present: TAFT, C. J., ROWELL, TYLER, START and WATSON, JJ.

Opinion filed November 9, 1901.

*Contracts against public policy—Railroads—Contract relieving from liability for future negligence*—A contract by which a railroad company seeks to relieve itself from liability for future negligence, made with the next of kin of an employee with a view to the liability under V. S. 2451, is against public policy in that it tends to promote negligence in respect to the personal safety of such employee, is contrary to the policy of the law as declared by statutes, and is void.

*Practice—Exception to the overruling of a demurrer waived by repleading.*—The defendant, by repleading, waived an exception which he

had taken to the overruling of a demurrer to the plaintiff's declaration.

CASE FOR NEGLIGENCE. The plaintiff filed an amended declaration to which the defendant demurred. The demurrer was overruled and the defendant excepted. Thereupon the defendant filed pleas in bar to which the plaintiff demurred. Hearing was had on the plaintiff's demurrer, Rutland County, March Term, 1901, *Munson, J.*, presiding. The court sustained such demurrer and adjudged the defendant's pleas insufficient. The defendant excepted, and the cause was passed to the Supreme Court before final judgment.

*Butler & Moloney* for the plaintiff.

*F. H. Button* and *Barber & Darling* for the defendant.

TYLER, J. Action, case, for defendant's negligence, through its servants and agents, in leaving, or permitting to be left, a car loaded with lumber to stand upon a side-track in such proximity to the main track, that the plaintiff's intestate, while descending a ladder on the outside of one of the cars which the defendant was operating on the main track, was struck, knocked from the car and so injured that he died.

The question before us is raised by the plaintiff's demurrer to the defendant's pleas wherein it is alleged that the plaintiff, as next of kin of the intestate, Arthur W. Tarbell, before the latter's employment by the defendant and in consideration that it would employ him, entered into a written agreement with the defendant by which the plaintiff released and discharged it from all damages that might accrue to the plaintiff, as next of kin of the intestate, by reason of the defendant's negligence during his employment.

The defendant contends that, though such a contract between itself and the injured employee might not be upheld,

this contract being with the next of kin of the employee does not contravene public policy.

The general rule of law is stated to be that whatever tends to injustice or oppression, restraint of liberty, and natural or legal right, or to the obstruction of justice, or to the violation of a statute, and whatever is against good morals, when made the subject of a contract, is against public policy and void. It is said that they are not contracts, but unlawful agreements which are void in their inception. 9 Am. & Eng. Ency., 1st ed., 880; 15 Id., 2nd ed. 932.

The decision of this case may rest upon two grounds; and it may here be said that whether a contract not forbidden by law is immoral in its tendency and should be declared void is a question that must be left to the judgment of the court in which it is sought to be enforced; as when a voter agreed to exert his influence in an election against what he believed was for the public good, the agreement was held void, though the voter resorted to no unlawful means in exerting his influence. *Nichols* v. *Mudgett*, 32 Vt. 546. There are many instances of this kind mentioned in *Baron* v. *Tucker*, 53 Vt. 338. In general, when a contract belongs to a class which is reprobated by public policy, it will be declared illegal, though in that particular instance no actual injury has resulted to the public. If it is immoral or contrary to the policy of the law it will be declared void.

Contracts of the kind under consideration are clearly against public policy and invalid for the reason that they tend to promote negligence on the part of railroad companies in respect to the personal safety of their employees.

But the policy of the law in respect to such contracts is declared in V. S. 3924, which is:

"When an engineer, fireman, or other agent of a railroad is guilty of negligence or carelessness, whereby an injury is

done to a person or corporation, he shall be imprisoned not more than one year, or be fined not more than one thousand dollars. This section shall not exempt a person or corporation from an action for damages."

Sections 3886 and 3887 forbid railroad companies having ladders or steps upon cars of their own to the top on the sides of the cars, and require that they be placed upon the ends or inside of the cars, and a forfeiture of $50 a day is imposed as a penalty for failure to comply with the statute.

It is the law that courts will not enforce contracts made for the purpose of violating statutes, but will hold them inoperative and void. Rob. Dig. 152, pl. 54, *et seq.* This subject is fully considered in *Brooks* v. *Cooper,* 50 N. J. Eq. 761; 35 Am. St. R. 793; *Riley* v. *Jordan,* 122 Mass. 231. It was aptly said by Shaw, Ch. J., in *White* v. *Buss,* 3 Cush. 448, that, "The law, which prohibits the end, will not lend its aid in promoting the means designed to carry it into effect; * * * that it will not promote in one form that which it declares wrong in another." In *Elkins* v. *Parkhurst,* 17 Vt. 105, it was held that the imposition of a penalty implies prohibition. To the same effect is *Bank of the United States* v. *Owens,* 2 Pet. R. at page 539, where the court quotes from the opinion in *Webb* v. *Pritchett,* 1 B. & P. 264, as follows: "Then how shall an action be maintained in that which is a direct violation of public law. The contract is bottomed in *malum prohibitum* of a very serious nature in the opinion of the legislature; how then can we enforce a contract to do the very thing which is so much reprobated by the act." *R. R. Co.* v. *Lockwood,* 17 Wall. 357, does not controvert but sustains the rule of law above stated.

As the purpose of the contract was to exempt the defendant from its statutory liability for its negligence, and thus

defeat the statute, it was an immaterial fact that one of the contracting parties was the next of kin and not the employee.

It is held that the employee may stipulate that if injured through the fault of the railroad company, he will then elect whether to accept certain benefits by means of a relief fund created by the company alone or with other companies, and that he will not claim double compensation; but in such cases it is said that he does not stipulate for the future, but accepts compensation for the injury already received. *R. R. Co.* v. *Moore,* 14 Am. & Eng. R. R. Cas., N. S., 678; *Johnson* v. *R. R. Co.,* 163 Penn. 127. These cases do not support the defendant's position.

*Griffith* v. *Earl of Dudley,* 9 Q. B. Div. 357, *R. R. Co.* v. *Bishop,* 50 Ga. 465, and *R. R. Co.* v. *Henzie,* 82 Tex., cited by defendant, sustain its contention that such contracts are not against public policy, and other courts of last resort have upheld them; but the general holding is against their validity and for the reason, sometimes overlooked, that they offer a premium for carelessness. See *Carroll* v. *R. R. Co.* 57 Am. R. 382 and notes.

This disposes of the only question in the case, the demurrer to the declaration being waived by the defendant's repleading *Rea* v. *Harrington,* 58 Vt. 184; *Houston* v. *Brush,* 66 Vt. 331.

*Judgment of the court below sustaining the plaintiff's demurrer and adjudging the pleas insufficient affirmed and cause remanded.*