# Town of Cottonwood, *et al.*, *v.* H. M. Austin & Co.

## *Detinue.*

(Decided Nov. 19, 1908.  Rehearing denied Jan. 14, 1909.
48 South. 345.)

1. *Contracts; Illegal Contracts; Release.*—The law will neither aid in enforcing the contract when executory nor rescind it and recover back the consideration when executed, but will leave all parties to an illegal contract where it finds them.

[Town of Cottonwood, et al. v. H. M. Austin & Co.]

2. *Intoxicating Liquors; Illegal Sale; Rights of Seller.*—Where the statute provides that the dispenser shall buy and sell liquors for cash only, and a sale is made to the town or dispenser on account, with the provision that any part of the liquor unsold or not paid for may be returned by the dispensary and be a credit to that extent on the account, the contract is illegal and the liquors delivered under it cannot be recovered by the seller in detinue.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by H. M. Austion & Co., against the Town of Cottonwood and others. From a judgment for plaintiffs, defendants appeal. Reversed and remanded.

ESPY & FARMER, for appellant. The town could in no wise be held liable for the price of the whisky sold.— *Bluthenthal & Bickert v. Town of Headland,* 132 Ala. 249. The sale by the appellee to the town was an executed contract, the legal effect of which was to vest title in the town to the property.—*Black.. et al. v. Oliver,* 1 Ala. 449. The sale was made in violation of law, and the court will leave the parties where it finds them.— *Roschil v. Harrison,* 8 Port. 351; *Wyndham v. Childress,* 7 Ala. 357; *Walker v. Gregory,* 36 Ala. 180; *Morris v. Hall,* 41 Ala. 510; *Thornhill v. O'Rear,* 108 Ala. 229; *Cranor Co. v. Miller,* 147 Ala. 272.

WILSON & MARTIN, for appellee. Counsel insist that the plaintiff could not maintain an action to recover the agreed price of the goods, or an action for money had and received, and cite *Bluthenthal, et al. v. Town of Headland.* 132 Ala. 249. They insist that the contract of sale was absolutely void; incapable of ratification, and that no title passed out of the plaintiff or into the defendant; and plaintiff never having parted with title to the property, and the defendant never having performed its part of the contract, plaintiff could maintain its action for the recovery of the property, and that such

action would not be founded upon an illegal contract.—*Martin v. Hodge,* 47 Ark. 378; *Tucker v. Mowrey,* 12 Mich. 378; *Winfield v. Dodge,* 45 Mich. 355; *Dodson v. Harris,* 10 Ala. 566; *Strauss v. Schab,* 104 Ala. 669; *Morris v. Hall,* 41 Ala. 510. It is well settled that the plaintiff may recover if he can make out his case without having to prove the illegal contract.—*Wooden v. Shotwell,* 23 N. J. L. 465; *Martin v. Hodge,* 47 Ark. 378, supra; *Allebach v. Godshalk,* 116 Pa. St. 325; *Dodson v. Harris,* 10 Ala. 566 supra; *Strauss v. Schwab,* 104 Ala. 669, supra, and cases there cited; *Ladd v. Rogers,* 11 Allen, (Mass.) 209; *Tucker v. Mowrey,* 12 Mich. 378, supra; *Winfield v. Dodge,* 45 Mich. 355, supra.

McCLELLAN, J.—Action of detinue by appellees against appellants to recover discribed kinds of intoxicating liquors. The facts, as necessary to be here stated, shown by the bill of exceptions, were that the town of Cottonwood, through its mayor and council, composed of the persons named as defendants along with the corporate entity, was engaged in the conduct of a dispensary; that one of the provisions of the act authorizing such enterprise was that "the dispenser shall buy and sell (spirituous, vinous and malt liquors) for cash only;" That the plaintiff, on the 11th day of May, 1907, "sold the Cottonwood Dispensary (i. e., the municipality) $635.54 worth of whisky and beer, which was shipped in different lots, May 17th, 18th and 27th, and June 29th, and charged the same to it on account; * * * that said town of Cottonwood, through and by its mayor and its said councilmen, * * * bought in the month of May the sum of $635.54 worth of liquor from plaintiff on account, *with the understanding that if any part of said goods were not sold, or were not paid for, the dispensary might return them and claim credit to that ex-*

*tent* (italics supplied) ; \* \* \* that when said dispensary was closed down in July, 1907, it had on hand and undisposed of $375.86 worth of whisky and other stuff embraced in the sale by the plaintiff to the dispensary in said sale in May, 1907; \* \* \* that the items of goods sued for and embraced in the complaint of (in) this suit were items embraced in the sale by plaintiff to the said Cottonwood Dispensary in the sale in May, 1907; \* \* \* that the goods sued for were worth the sum of $375.86; that the property was in the possession of defendant when this suit was brought." It also appears from the bill that a part of the aggregate purchase price for the liquors so sold and bought in May, 1907, was paid to plaintiff by the municipality.

In *Bluthenthal & Bickert v. Town of Headland*, 132 Ala. 249, 31 South. 87, 90 Am. St. Rep. 904, where the action was for money had and received—an action equitable in nature—to recover the proceeds of sales of liquors to the municipality, which liquors had been delivered to the municipality by the plaintiffs as upon an attempted contract of purchase of said liquors by the municipality from the plaintiffs on a credit, in violation of the provision of the authorizing act that forbade sales and purchases otherwise than for cash, this court ruled that such attempted undertaking was void, because prohibited by law, not merely ultra vires, and that the courts could not be availed of, in any way, to relieve either of the parties in pari delicto. The principle announced and enforced in the case of *Bluthenthal & Bickert v. Town of Headland* is decisive of this appeal. This principle has been stated in varying forms by this court. In *Clark v. Colbert*, 67 Ala., at page 96, it is thus stated: "That the law will leave all who share in the guilt of an illegal or immoral transaction where it finds them, and will neither lend its aid to enforce the contract while

executory, nor to rescind it and recover back the consideration when executed." In *Hill v. Freeman,* 73 Ala. at page 201, 49 Am. Rep. 48, the principle is thus stated: "*   *   * Where a contract, based on a consideration contrary to law, immoral, or opposed to public policy, has been fully and voluntarily executed, if the parties are in pari delicto, the courts will not interfere to disturb the acquired rights of either at the instance of the other. The result is the same as if the contract had originally been legal and valid, and neither can recover the consideration which he has thus voluntarily parted with." In *Thornhill v. O'Rear,* 108 Ala., at page 301, 19 South., at page 382 (31 L. R. A. 792), it is said: "All the decisions of this court are in line with these authorities, holding, as to suits upon executory contracts founded upon immoral or illegal considerations, they may always be defended on the ground of their invalidity, but that when executed, unless controlled by statute to the contrary, the law will not interfere at the instance of either party to undo that which it was originally employed to do, for the reason that, being equally at fault, the law will help neither."—*Long v. Railroad,* 91 Ala. 522, 8 South. 706, 24 Am. St. Rep. 931.

From the elaborate quotation made from the bill, and there was no conflict in the testimony, it is seen that in the eyes of the law both the buyer and the seller of the liquors sought to be recovered were in pari delicto in respect of the prohibition, expressed in the enactment, against the purchase of liquors except "for cash only." In the very process of the dealing involved this prohibition was violated. In order for the plaintiffs to recover in this action, it was essential that they trace their alleged right to retake the liquors, voluntarily delivered by them to the buyer, through the stated violation of the prohibition

against a purchase on a credit.—*Clark v. Colbert*, 67 Ala. 94. Having voluntarily and in violation of the provision placed these chattels in another's possession and power, the courts will not lend themselves to the plaintiffs' relief. That this contract was executed there can be no doubt. Nothing remained but to pay the price agreed upon, and this payment was not executed upon delivery of the chattels, but was in fact avoiding the contract under the letter of the prohibition quoted, on credit. The price of the liquors was agreed on and the liquors were delivered "with the understanding that if any part of said goods were not sold, or were not paid for, the dispensary might return them and claim credit to that extent." In *Allen v. Maury*, 66 Ala., at page 17, an announcement approvingly quoted in *Foley v. Felrath*, 98 Ala. 176, 13 South. 485, 39 Am. St. Rep. 39, it is said: "Where, however, goods are sold and delivered, the terms of sale being specified, and the vendee reserves the right to reject or return, the title passes, liable to be divested by the exercise of the option to rescind, expressed within a reasonable time." The option reserved by the municipality in this instance was, not to rescind pro tanto the contract, operating thereby to reinvest the seller with the title to the chattles not sold or paid for, but to return the property as that of the municipality, and thereby secure credit, payment protanto, on the indebtedness attempted to be created by the May, 1907, dealing between the parties.

We pretermit consideration of a preliminary question, not necessary, in the light of the views expressed, to be decided. The judgment is accordingly reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, SIMPSON, and ANDERSON, JJ., concur.