# General Electric Company *v.* Town of Fort Deposit.

## *Detinue.*

### (Decided Nov. 21, 1911. 56 South. 802.)

1. *Municipal Corporations; Contracts; Validity.*—Under the charter powers of Fort Deposit, limiting the purchasing power of the municipality of real and personal property to a valuation of $1,000. without a contract above that amount being ratified by the electorate,, a contract made by the town council for the purchase of electrical machinery at about $4,000, is void if not ratified by the electorate of the town. (Acts 1890-1, pp. 594, 598; Acts 1896-7, pp. 972, 974, 1265 and 1267.)

2. *Same; Contracts; Limitations of Power.*—In dealing with municipal corporations or its officers, all persons are bound to take notice of the extent and limitation of its charter powers.

3. *Same; Contracts; Restitution of Property.*—Where a municipal corporation obtains money or property of others without authority, it may be compelled to return it, or compensate the owner.

4. *Same; Illegal Contract.*—While the rule is that under a contract which is illegal, the property obtained cannot be recovered, as in the case of a mere void contract, yet a contract which is void only for want of ratification of the electors of the city or town, is not illegal, and a seller may, in appropriate proceedings, recover from the municipality the property procured under such contract.

5. *Same; Action; Pleading.*—Where the action was detinue by a seller to recover property purchased by a city, and the defense was the invalidity of the contract, and that the property was affixed to the free-hold, and could not be removed, and the plaintiff replied setting up that the sale was a conditional one, under which title did not pass until payment, and the defendant joined issue thereon, the rule that a seller of personal property, sold under an agreement that title should not pass until payment was made, might remove it, although it had been attached to the freehold, applied, though the contract of conditional sale was void, and the condition fell with it.

6. *Contract; Liability; Public Policy.*—Public policy prohibiting contracts may be ascertained from the statutes governing such contract.

7. *Bill of Exceptions; Supplemented by Assignment of Error.*— A bill of exceptions cannot be supplemented by the assignments of error.

8. *Appeal and Error; Record; Presumptions.*—An appellate court will treat as having been abandoned such demurrers and motions as shown by the record upon which no ruling is shown.

9. *Same; Exceptions; Sufficiency.*—Nothing can be left at large in reserving an exception, and hence, the bill of exceptions in this case fails to show a sufficiently definite exception to parts of the oral charge, to present the same for review.

10. *Same; Validity.*—Where it is stated in the bill of exceptions that counsel would like to except to a certain portion of the oral charge, and that they wished to reserve an exception to that part of the oral charge, nothing concerning the charge is presented for review as it expresses merely a desire or unaffected purpose to except.

APPEAL from Lowndes Circuit Court.

Heard before Hon. M. W. RUSHTON, Special Judge.

Detinue by the General Electric Company against the town of Fort Deposit, for the recovery of certain electrical fixtures and attachments. Judgment for defendant and plaintiff appeals. Reversed and remanded.

W. P. MCGAUGH, for appellant. The record failing to show that the trial court ruled on the demurrers or motions to strike, they will be treated on appeal as having been abandoned.—*Henderson v. Berry,* 145 Ala. 404; 98 Ala. 608; 88 Ala. 434; 47 Ala. 667. The issues made by the pleadings are: the general issue to the amended complaint, and the truth of the facts averred in plaintiff's replication to defendant's special pleas.—*Bank v. Halsey,* 109 Ala. 196; *Britt v. Pitts,* 111 Ala. 406; 110 Ala. 322; 145 Ala. 600; 122 Ala. 446. The court erred in charging that if the contract was not ratified as required by the charter, the contract was ultra vires and void, and of no effect as evidence of title in plaintiff.—*Smith v. Dinkelspiel,* 91 Ala. 528; *Ware v. Curry,* 67 Ala. 274; *Beitman v. Steiner Bros.,* 98 Ala. 247. The defendant could not deprive plaintiff of its title by fixing the property to the soil.—*Warren v. Liddell,* 110 Ala. 232; *Wood v. Holly,* 100 Ala. 326; *Miller v. Griffin,* 102 Ala. 610; *Adams Machinery Co. v. Interstate B. & L. Assn.,* 119 Ala. 97. The property was in defendant's possession, and hence, it was necessary to prove the val-

ue of each article separately.—Section 3781, Code 1907, and cases cited. The witness Haigler was shown to be competent to testify as to such values and the court erred in excluding his testimony.——Sec. 3960, Code 1907; *Ward v. Reynolds*, 32 Ala. 384; *Ala. C. & C. Co. v. Turner*, 145 Ala. 652; *L. & N. v. Young*, 53 South. 217.

JOHN V. SMITH, and R. B. SMYTHE, for appellee. There is no valid or binding contract between the defendant and the plaintiff, as the requirements of the charter had not been complied with.—*Cleveland School F. Co. v. City of Greenville*, 146 Ala. 559. The contract was without the charter powers and ultra vires and void. —*New Decatur v. Berry*, 90 Ala. 433; Ala. 588; *Garland v. Bd. of Rev.*, 89 Ala. 223. Whatever right or title the plaintiff might have had was lost when it consented for the material sold to become affixed to the real-estate of defendant.—*Porter v. P. B. S. Co.*, 122 U. S. 267; *Bouldin v. Organ Co.*, 92 Ala. 182; *Adams Mach. Co. v. Interstate B. & L. Assn.*, 119 Ala. 97. Real property cannot be recovered in a suit of detinue.—13 A. & E. Enc. of Law, 68; *Dudley v. Hurst*, 60 Md. 44; *General E. Co. v. Transit Co.*, 48 Atl. 101; *Bolling v. Whittier*, 37 Ala. 35; *Jones v. N. O. R. R. Co.*, 70 Ala. 277.

McCLELLAN, J.—Detinue by appellant to recover numerous specific articles that might be generally called electric lighting apparatus and machinery, which appellant delivered, in 1906, to the municipality (appellee) under a written contract of conditional sale; the title to the property being retained therein by the vendor until payments (deferred) were made in full therefor. The price stipulated in the instrument was about $4,000. Approximately $1,400 was paid, out of city funds, on the contract price.

It was expressly provided in the charter of Ft. Deposit (Acts 1890-1, pp. 594, 598; Acts 1896-97, pp. 972-974, 1265-1267) that contracts for the purchase of real and personal property "above the amount of one thousand dollars made by said town council" should not "hold good and valid," without ratification by the electorate of the municipality. It is conceded in brief for appellant, and the contrary was not shown on the trial, that no ratification, as required by the charter, of this contract was had. Hence, though made by the council, the contract was, by force of the express charter provision, invalid. The *contract* was not binding in any degree upon the municipality.

The pertinent charter provision did not inhibit a purchase of property, however much the amount to be paid therefor exceeded "one thousand dollars." On the contrary, it contemplated purchases above that amount. Where the amount exceeded "one thousand dollars," it affixed, as a condition to its validity, the ratification thereof by the electorate. But no ratification was, of course, possible without a previously existing status, inconclusive though, under this charter, it must have been, upon which the ratification contemplated could have operated to impart validity to the engagement. Hence the plaintiff did not violate this provision of the charter in entering into and in setting down in formal contractual manner the sale and purchase of the articles described therein. The invalidity of the contract resulted, therefore, from the failure of the electorate to ratify it. Why it was not ratified is not, on this occasion, at all material. As is apparent, the exercise or control of the right of the electorate to ratify the contract was in no sense within the keeping of the vendor. Under this contract, invalidated for the reason stated, the plaintiff delivered the articles described in the amended complaint.

[General Electric Company v. Town of Fort Deposit.]

Omitting at this time consideration of the state of the pleading, the inquiry is, should it be allowed a recovery of property so parted with?

All persons are bound to take notice of the extent and limitations of charter powers in dealing with municipal corporations or with their officers.—2 Dillon, Munic. Corp. (5th Ed.) § 777; Mayor, etc., v. W. W. Co., 63 Ala. 611; Spence v. M. & M. Ry. Co., 79 Ala. 576, 589, among others.

In Marsh v. Fulton, 10 Wall. 676, 684, 19 L. Ed. 1040, and reiterated in Louisiana v. Wood, 102 U. S. 294, 26 L. Ed. 153, an obviously wholesome and here pertinent doctrine was thus stated: "The obligations to do justice rests upon all persons, natural and artificial, and if a county obtains the money or property of others without authority the law, independent of any statute, will compel restitution or compensation." This court, in Allen v. La Fayette, 89 Ala. 641, 648, 8 South. 30, 9 L. R. A. 497, took account of it, and also quoted approvingly this expression from Salt Lake City v. Hollister, 118 U. S. 256, 263, 6 Sup. Ct. 1055, 1059 (30 L. Ed. 176): "But, even in this class of cases (i. e., avoided ultra vires contracts), the courts have gone a long way to enable parties who have parted with property or money on the faith of such contracts to obtain justice by recovery of the property or the money *specifically,* or as money had and received to plaintiff's use." (Italics supplied.) In Pimental v. City of San Francisco, 21 Cal. 352, 363, cited in Allen v. La Fayette, supra, it was declared that if a city "obtain other property, which does not belong to her, it is her duty to restore it, or, if used, to render an equivalent therefor from the like obligation.—Argenti v. San Francisco, 16 Cal. 282. The liability springs from the moral duty to make restitution." In Clark v. County

*Com'rs of Saline County,* 9 Neb. 516, 4 N. W. 246, *Paul v. City of Kenosha,* 22 Wis. 266, 94 Am. Dec. 598, *Bridge Co. v. Frankfort,* 18 B. Mon. (Ky.) 41, among others, the like doctrine was declared.

However, these general pronouncements of primary justice cannot be availed of or given effect in all cases of void contracts with municipalities. Where the acts or dealings upon which the contracts are based are *"prohibited* by their charters, or some other law bearing upon them, or are malum in se or violative of public policy," where the plaintiff, in order to recover, "must trace his right" through a violation by him of *positive* law, the courts will not lend their aid to reimburse the loss, nor to restore the property delivered under such contracts.—*Allen v. Intendant, supra; Bluthenthal v. Headland,* 132 Ala. 248, 31 South. 87, 90 Am. St. Rep. 904; *Town of Cottonwood v. Austin,* 158 Ala. 117, 48 South. 345; *Clark v. Colbert,* 67 Ala. 92; *Walker v. Gregory,* 36 Ala. 180; 2 Dillon (5th Ed.) § 795; *Jemison v. B. & A. R. R. Co.,* 125 Ala. 378, 383, 28 South. 51; *Thornhill v. O'Rear,* 108 Ala. 299, 19 South. 382, 31 L. R. A. 792; *Hill v. Freeman,* 73 Ala. 202, 49 Am. Rep. 48; *Yarbrough v. Avant,* 68 Ala. 532. The basis of the rule is thus stated by Chief Justice Parker, in *Worcester v. Eaton,* 11 Mass. 368, 377, 378, cited in *Walker v. Gregory, supra*: "It appears then to be the settled law in England, and we are satisfied that it is also the law here, that, where two parties agree in violating the laws of the land, the court will not entertain the claim of either party against the other, for the fruits of an unlawful bargain. If one holds the obligation or promise of the other to pay him money, or do any other valuable act, on account of such illegal transaction, the party defendant may expose the nature of the transaction to the court; and the law will say, 'Our forms and rules

are established to protect the innocent and to vindicate the injured, not to aid offenders in the execution of their unjust projects;' and if the party who has foolishly paid his money repents his folly, and brings his action to recover it back, the same law will say to him: 'You have paid the price of your wickedness, and you must not have the aid of the law to rid you of the inconvenience, which is suitable punishment of your offense.' "

At least one means for and source of the establishment and ascertainment of *public policy* is statute law.—*People v. Hawkins,* 157 N. Y. 1, 51 N. E. 257, 42 L. R. A. 490, 68 Am. St. Rep. 736; *U. S. v. Tr. Mo. Ass'n,* 58 Fed. 58, 7 C. C. A. 15, 24 L. R. A. 73; *Vidal v. Girard's Ex'rs,* 43 U. S. 127, 197, 11 L. Ed. 205; *Tarbell v. Portland R. R. Co.,* 73 Vt. 347, 51 Atl. 6, 56 L. R. A. 656, 87 Am. St. Rep. 734, note on p. 737. "The law which prohibits the end will not lend its aid in promoting the means designed to carry it into effect; * * * that it will not promote in one form that which it declares wrong in another."—*Tarbell v. Railroad Co., supra,* quoting Shaw, C. J., in *White v. Buss,* 3 Cush. (Mass.) 448.

A distinction is taken between void contracts and illegal contracts.—*City of Los Angeles v. City Bank,* 100 Cal. 18, 34 Pac. 510. Money paid or property surrendered under a merely *void* contract may, in a proper case, be recovered; but not so where the contract is *illegal.*—Wharton on Contr. §§ 336, 340, 741. An *illegal* contract has been defined as "an agreement with an unlawful object. It is not merely lacking in valid subject-matter, but its purpose is positively invalid."—*Billingsley v. Clelland,* 41 W. Va. 234, 244, 23 S. E. 812, 815.

While a penalty implies a prohibition, and a contract relating to it is void, yet a penalty is not essential in order to construct a prohibitory law.—*Woods v. Arm.*

*strong,* 54 Ala. 150, 25 Am. Rep. 671; *McGehee v. Lindsay,* 6 Ala. 16. "When no penalty is imposed, and the intention of the Legislature appears to be simply that the agreement is not to be enforced, then neither the agreements itself nor the performance of it is to be treated as unlawful for any other purpose."—*Chapman v. County of Douglass,* 107 U. S. 348, 256, 2 Sup. Ct. 62, 69 (27 L. Ed. 378). Where an agreement violates a statute with respect *only* to the mere mode of its performance, the contract, its substance not being *prohibited by* law, is not unlawful—is not *illegal.*—*Chapman v. County of Douglass, supra.*

Consistent with these principles, it is evident that, while the agreement of sale and purchase of the articles in question was and is invalid, it was not *illegal,* as was the case in the *Town of Cottonwood v. Austin, supra.* The appellant was not concerned in the violation of any positive law in engaging as it did. It, therefore, may, if otherwise so entitled, recover its property so delivered, *not under the contract,* but according to the principle of primary justice to which reference has been made.

In putting the inquiry of *abstract* right of the plaintiff to recover property delivered under this invalid contract, the state of the pleading here present was eliminated. It is necessary to now take account of it in disposing of this appeal.

The complaint pursued the usual form of detinue. To it the defendant, in addition to the general issue, answered, in substance, (a) that the contract was invalid as upon the ground before indicated; and, again, (b) that the property sued for had been affixed to the realty of the municipality and residents thereof, and had become realty, to remove which would entail irreparable injury, and hence could not be recovered in an action of

detinue; and, again, (c) that the materials had been affixed to the freehold by the authority and direction and with the full knowledge and consent of the plaintiff. Demurrers were interposed to these pleas, but no ruling of the court thereon appears from this transcript to have been had. In such state of the record, it will be presumed that the demurrers were withdrawn or not insisted upon.—*Henderson v. Berry Co.,* 145 Ala. 404, 39 South. 662.

Plaintiff joined issue on defendant's special pleas, and also replied specifically, in substance, that the contract under which the property was delivered to the officers of the defendant provided for the retention of title thereto until deferred payments were fully made, which had not been done, and that in said contract it was also provided that the purchaser would do all acts necessary to perfect and maintain such retention of title by the plaintiff; and that the attaching of the property to the freehold was, in effect, alone under the aforesaid stipulation and reservation of the contract, and not otherwise, with plaintiff's knowledge or consent. Other replications simply reasserted the contract stipulation and reservation, and alleged the non-payment of the price therefor; another only denied the averments of the special pleas that the property was converted into realty by the direction and authority and with the full knowledge and consent of the plaintiff, and that the material is a part of the realty; and another (the last) set up the reservation of title in the contract, denied the full payment of the purchase price, and further averred default in payment and demand, before suit commenced, for the property, which demand was refused by the defendant. By motions and demurrers, defendant assailed these special replications; but no ruling or action of the court in respect thereto is shown by the transcript.

They must be treated as abandoned or withdrawn.— *Henderson v. Berry Co., supra.*

The issues, as this transcript shows them, were those made by the complaint, by the pleas, and by the replications; the only judgment in the transcript reciting that issue was thus joined.

The errors assigned relate only to rulings on the admission or rejection of evidence, and to excerpts from the charge of the court, and to the refusal of a written charge, which we, for convenience, letter "A." It is objected by counsel for appellee that no sufficient exceptions to these several excerpts were taken for appellant. The bill of exceptions recites: "After the delivery of the charge, counsel for plaintiff excepted in the following language: 'We would like to except to that part of your honor's charge which charges the jury that if they find that if the contract had not been ratified that it was void. We want to reserve (an) exception to that part; that is what I understood.' The court said, I do not exactly remember the wording of it.' " While definite parts of the charge of the court are referred to in assignments of error, there appears to be no justification in the bill therefor. The *exception* (if such it is taken to be) is not so definite. A bill of exceptions cannot be supplemented by assignments of error. We do not think the exception (if so) was or is sufficiently definite to present for review any particular part of the charge. To give it point, this court must *construe* or interpret the charge with a view to ascertaining what parts of it come within the general description of matter against which appellant would complain. Nothing can be left at large in reserving an exception. It must be definite to the last degree. Aside from this, it is by no means clear but that the plaintiff, according to the quoted recital, only expressed a desire or uneffected pur-

[General Electric Company v. Town of Fort Deposit.]

pose to except, when the subject thereof could be or was ascertained. This, as is evident, does not suffice to bring any matter up for review.

Under the issues as they appear in this record, especially with reference to the replications, the opinion is entertained that charge "A" (so lettered for convenience) was erroneously refused to plaintiff. Notwithstanding the contract of sale of the articles was void, as asserted in the pleas, and with it fell the reservation of title till the property was paid for, yet, according to this record, the defendant joined issue on replications, asserting the protection of clauses of the invalid engagement with respect to the attachment of the material to the freehold. Under the issues raised by replications, the pertinent doctrine of *Warren v. Liddell*, 110 Ala. 232, 243, 20 South. 89, *Adams Machine Co. v. Inter B. & L. Ass'n*, 119 Ala. 97, 24 South. 857, was and is applicable. We do not consider it necessary at this time to enter upon the review of the errors predicated upon rulings on the admission or rejection of evidence. The attempted contract was void. The stipulated reservation of title did not survive it. There was no *conditional sale;* for the charter provision pronounced such an effort invalid. It is to be regretted that the state of the record forbids a more satisfactory consideration and adjudication of the appeal.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

All of the Justices concur, except DOWDELL, C. J., not sitting.