# Brown *v.* Long, *et al.*

## *Assumpsit.*

(Decided April 15, 1916. 68 South. 324.)

1. *Assignment; Unearned Wages.*—Under § 2, Acts 1911, p. 370, an assignment of wages upon a stated consideration of value received was ineffectual and void, outside of the excepted enumeration made in § 2 of said act.

2. *Same.*—Although such assignment may be void, the money paid cannot be recovered where the claim has been merged in a judgment, and the same has been paid by the employer of the laborer making the assignment.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Assumpsit by J. T. Brown against S. T. Long and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Transferred from the Court of Appeals under the act creating said court.

TENNIS & TIDWELL, for appellant.

TROUP & NIX, for appellee.

McCLELLAN, J.—(1) On November 25, 1912, one Davis, who was then a day laborer in the service of the Louisville & Nashville Railroad Company, made a written assignment of his then earned wages, and those to be earned in the future, to Long & Abel. The consideration stated for the assignment was "value received." The assignment of unearned *wages,* outside of the excepted enumeration made in section 2 of the act approved April 11, 1911 (Acts 1911, p. 370), was ineffectual and void under the provisions of that act. —*Spcilberger v. Brandes,* 3 Ala. App. 590, 58 South. 75. On February 5, 1913, Long & Abel instituted in a justice's court their action, *on the mentioned assignment,* against the Louisville & Nashville Railroad Company. The summons required the defendant company to appear and answer February 10, 1913. While the justice's docket or papers do not shown the exact date on which the to be quoted judgment in the action on the assignment was rendered or entered, it is to be necessarily inferred that the judicial action expressed

was taken on that day and date. The judgment, in the action of Long & Abel against the Louisville & Nashville Railroad Company, is as follows: "Now comes Louisville & Nashville Railroad Company, by its timekeeper, R. B. Robertson, and for answer to the above cause admits its indebtedness to Dempie Davis in the sum of $43.24. Therefore it is considered, ordered, and adjudged by the court that Long & Abel recover of the Louisville & Nashville Railroad Company the sum of $33.75, for which let execution issue. I. N. Butler, J. P."

The company paid the amount of the judgment and costs to the justice; but the date of the payment is not expressly stated, so far as we have been able to find in the record. The money thus paid was the result of Davis' labor, as a day laborer, for the company during the month of January, 1913, and up to and including the 5th day of February, 1913 (the day the suit against the company was instituted by Long & Abel). Davis' wages for daily labor performed by him for the company during November and December, 1912, were paid to him by the company, presumptively without any knowledge by the company of the assignment to Long & Abel. On February 11, 1913, Davis made a similar assignment, to that he had to Long & Abel in November, 1912, to C. L. Price. By subsequent written transfers this assignment to Price has come to the plaintiff (appellant), Brown, who in this action is seeking to recover from Long & Abel the sum paid by the justice to them on April 30, 1913, the same being the amount, less costs of suit, paid to the justice by the railroad company, the defendant in the above-mentioned action. The law and equity court, to which this action by Brown was taken on appeal, ruled on the trial of

the case without a jury, against Brown's right to re-
cover.

(2) Whatever other grounds may exist for denying
a recovery to the plaintiff, this one is clear and conclu-
sive: That the illegal contract, in so far as its effect
was to assign wages to be earned in the future and not
within the exception of section 2 of the act of 1911,
became executed by its merger into the judgment ren-
dered February 10, 1913 (*Bank v. M. & O. R. R. Co.*,
69 Ala. 305; 23 Cyc. pp. 1105 et seq., 1108 et seq.),
and the subsequent payment of the judgment by the
railroad company. Money paid or property delivered
under an illegal contract that has become executed can-
not be recovered if to do so the right to recover must
be traced through a violation of positive law, either
by the plaintiff himself or by one whose place he occu-
pies.—*Town of Cottonwood v. Austin*, 158 Ala. 117, 48
South. 435; *Gen. Elec. Co. v. Ft. Deposit*, 174 Ala. 179,
56 South. 802, and cases therein cited. Here the plain-
tiff occupies, through successive transfers from Davis,
the position of Davis on February 11, 1913; for Davis'
attempted assignment to Price could confer no greater
right than Davis himself had on that date, and plain-
tiff is likewise circumstanced. Had Davis sued the rail-
road company, on February 1, 1913, for the wages on
which the company based its admission of indebtedness
in the suit of Long & Abel against the company, he
could not have prevailed, for he must have relied upon
his own connection with a contract condemned by the
act of 1911 in order to show that Long & Abel were
without right to the wages on which the judgment rest-
ed, and that contract of assignment, void as it was as
to the wages supporting the company's admission of
indebtedness, was executed and extinguished when the
judgment against the company was rendered by a court

of competent jurisdiction, both of the subject-matter and of the parties.—*Logan v. Cent. Iron Co.*, 139 Ala. 548, 555, 36 South. 729.

The plaintiff is without right to recover. The judgment so concluding must be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.