(78 South. 639)

MOODY, Judge of Probate, v. TERRELL–HEDGES CO.   (8 Div. 573.)

(Court of Appeals of Alabama. April 2, 1918. Rehearing Denied May 7, 1918.)

1. COUNTIES ☞124(1) — RIGHTS UNDER INVALID CONTRACTS.

Where a contract to install electric light fixtures in a county courthouse was invalid because the county has exceeded its debt limit, under Const. 1901, § 224, such contract being not only void, but illegal as opposed to public policy, conferred no rights on the contractor, and the courts will not aid in reimbursing the loss or in restoring the property delivered thereunder.

2. COUNTIES ☞124(1)—UNAUTHORIZED CONTRACTS—SUBSEQUENT CONTRACT.

Since a new contract founded in whole or in part on a past consideration which entered into or induced a former illegal and void contract is likewise illegal and void, where a contract to install electric light fixtures in a county courthouse was void under Const. 1901, § 224, as being against public policy, a subsequent contract between the county and the contractor, whereby the county agreed to lease the fixtures installed, based on the original promise to pay the contract price, was also illegal and void.

3. COUNTIES ☞122(1) — CONSIDERATION FOR CONTRACT.

Where electric light fixtures were installed in a county courthouse under a contract illegal under Const. 1901, § 224, limiting the amount of indebtedness which a county might incur, the fixtures, having been annexed to the realty by the contractor's voluntary act, became part thereof, and title thereto passed from the contractor to the county, so that an agreement by which the county leased the fixtures from the contractor in an attempt to evade the constitutional provision was without consideration.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Petition by the Terrell-Hedges Company against A. H. Moody, Judge of Probate of Jackson County, for mandamus to issue warrants authorized by resolution of the county board. From a judgment in favor of petitioner, respondent appeals. Reversed and rendered.

John F. Proctor and W. H. Norwood, both of Scottsboro, for appellant. Bouldwin & Wimberly, of Scottsboro, and M. M. Ullman and W. A. Jenkins, both of Birmingham, for appellee.

SAMFORD, J. On February 21, 1912, an agreement was entered into between the commissioners' court of Jackson county, undertaking to act for the county, and Terrell-Hedges Company, appellee here, whereby appellee, in consideration of a certain sum of money, agreed to install in the new courthouse of the county certain electric light fixtures, whereupon appellee proceeded to install the fixtures stipulated in the contract. At the time of the making of the contract, and at the time of the installation, the county was indebted beyond its constitutional debt limit, and therefore the contract was illegal and void, of which fact both parties were charged with full knowledge. After the installation, warrants were drawn on the county treasurer and delivered to appellee, in payment of the amount called for by the contract, which warrants the treasurer refused to pay, because of the invalidity of the contract. On November 30, 1915, the county board entered into a contract with appellee, whereby it agreed to pay appellee rent on said fixtures for one year from October 1, 1915, and at the expiration of the year giving the county the option to purchase at a price or to lease for another year. On April 19, 1917, a claim was filed, in legal form, for the rent for one year, which claim was allowed and ordered paid out of the general fund of the county. The probate judge refused to draw the warrant, and this proceeding is brought to compel him to act.

[1] It is conceded in brief by both sides that the original contract was void by reason of section 224 of the Constitution fixing a limitation on the indebtedness of counties, it being further agreed that Jackson county had, at the time of the making of the contract, exceeded this limitation. A pertinent inquiry then arises, Was the contract merely

---

void, so as to allow the appellee the benefit of that rule of primary justice recognized by the courts of this state, beginning with Allen v. La Fayette, etc., 89 Ala. 641, 8 South. 30, 9 L. R. A. 497, and reaffirmed in numerous cases since that time, notably Gen. Electric Co. v. Town of Ft. Deposit, 174 Ala. 183, 56 South. 802, or was the contract illegal as being opposed to the public policy of the state as declared in the Constitution, thereby placing the parties in that class, where through a violation of positive law the courts will not lend their aid to reimburse the loss, nor to restore the property delivered under the contract, following the declarations of the law as announced in Gen. Electric Co. v. Ft. Deposit, 174 Ala. 184, 56 South. 802, Bluthenthal v. Headland, 132 Ala. 248, 31 South. 87, 90 Am. St. Rep. 904, Town of Cottonwood v Austin, 158 Ala. 117, 48 South. 345, Clark v. Colbert, 67 Ala. 92, Walker v. Gregory, 36 Ala. 180, and Worcester v. Eaton, 11 Mass. 368? We are of the opinion that section 224 of the Constitution fixes the public policy of the state on the question of the authority of county courts to incur debts, placing a limitation upon the agents of the county, and that all persons contracting with county commissioners do so with a full knowledge of this limitation and of the public policy of the state. Wherever this is the case, it is the highest duty of the courts to uphold the Constitution, and to see that it is not evaded or set aside. In the case of Hagan v. Commissioners, etc., 160 Ala. 544, 49 South. 417, 37 L. R. A. (N. S.) 1027, it was held that an indebtedness similar to the original debt in this case was void. In the case of Town of Cottonwood v. Austin, supra, it was held that, the contract of sale being illegal and void, the plaintiff was not entitled to recover the goods delivered under the contract. In the case of Muller Mfg. Co. v. First Nat. Bank, where the contract was made in violation of a statute, the court held that the seller could not recover against the purchaser. The original contract in this case, being in violation of the public policy of the state, was illegal and void, and the petitioner acquired no rights under it.

[2] Recognizing this status, the petitioner sought to avoid the consequences, by entering into a contract of lease, whereby it sought to lease to the county the fixtures already installed, and the county commissioners, being willing to aid in this, entered into the lease contract on the part of the county. The terms and consideration as set forth in the contract make it clear that by an evasion of the law the court of county commissioners were attempting to pay the petitioner, out of the general fund of the county, the contract price named in the original contract. A new contract, founded in whole or in part on a past consideration or promise, which entered into or induced a former illegal and void contract, is likewise illegal and void. Pettits v. Pettits' Heirs, 32 Ala. 288; Butler v. Lee, 11 Ala. 885, 46 Am. Dec. 230; Stark v. Henderson, 30 Ala. 439; Wadsworth v. Dunnam, 117 Ala. 670, 23 South. 699. So that the original agreement to pay the contract price could not be made the basis of the consideration of the contract of lease.

[3] It may be conceded that independently of the first contract the parties would have the authority to contract for the renting of fixtures to furnish the lights for the courthouse, but did the petitioner own the fixtures made the consideration of the lease? They had been, by voluntary act of petitioner, installed, and thereby became a part of the realty, and therefore the title had passed to the county. Barbour Plumbing & Heating Co. v. Ewing, 77 South. 430;[1] Tillman v. De Lacy, 80 Ala. 105; Quinby v. Manhattan C. & C. Co., 24 N. J. Eq. 260. And there is no evidence in the record going to show that the county had parted with this title. Therefore the lease contract was an agreement to pay rent for something which the county already owned, and the promise to pay was without consideration. Oldacre v. Stuart, 122 Ala. 405, 25 South. 38. To hold otherwise than above outlined would be to set at naught the plain mandate of the organic law, and countenance an evasion of the limitations placed by it upon the powers of county commissioners, which we are not willing to do, even though in some cases it may seem to work a hardship.

It therefore follows that the judgment must be reversed, and a judgment will be here rendered denying the writ.

Reversed and rendered.